OPINION OF THE COURT
Bernard F. McCaffrey, J.
This motion by defendant to vacate an income execution and cross motion by plaintiff for attorneys’ fees are determined as hereinafter provided.
The parties to this postjudgment matrimonial action were divorced, pursuant to a November 10, 1975 divorce judgment, which directed the defendant to pay plaintiff $115 per week in maintenance and child support.
Thereafter, on or about July 12, 1988, defendant served an income execution for support enforcement upon defendant’s employer, Gulf & Western, alleging a failure of regular support payments since 1976.
Defendant presently seeks to vacate the aforementioned *26 income execution due to plaintiffs purported failure to comply with CPLR 5241.
Defendant’s challenge to plaintiffs income execution is essentially threefold in nature. At the outset, it is alleged that plaintiff failed to comply with CPLR 5241 (c) (4) in that defendant did not receive 15 days’ notice prior to service of the execution upon his employer. In addition, he notes that contrary to CPLR 5241 (d), plaintiffs notice was served by certified rather than regular mail. Lastly, defendant contends that an income execution, pursuant to CPLR 5241, may not be applied retroactively to his 1975 divorce judgment.
Defendant’s application is denied. Each of the foregoing contentions will be addressed in seriatim.
CPLR 5241 (d) provides in its entirety that '[t]he creditor shall serve a copy of the execution upon the debtor by regular mail to the debtor at his last known residence or such other place where he is likely to receive notice, or in the same manner as a summons may be served.” (Emphasis added.)
Pursuant to CPLR 5241 (c) (4), one of the notices required is that the execution will be served upon an employer unless a mistake of fact is shown within 15 days.
In this instance, it is undisputed that plaintiffs execution was timely served upon the defendant by certified mail on June 7, 1988. However, it was not claimed. Therefore, the post office served subsequent unclaimed notices on defendant on June 22, 1988, July 2, 1988 and July 7, 1988 until finally on July 8, 1988, it was returned to plaintiff’s attorney. At no time was the notice returned due to either an unknown or insufficient address.
Defendant’s continued refusal to accept service from the post office does not, however, negate plaintiffs compliance with CPLR 5241 (d). Indeed, by providing for service by certified rather than ordinary mail, plaintiff went beyond that which is required by statute.
Moreover, contrary to defendant’s assertion, there is no provision within CPLR 5241 (d) obligating a creditor to establish that the debtor actually received the CPLR 5241 (d) notice. Nor may a debtor create an indefinite unilateral stay of execution merely by refusing mail service. On the contrary, defendant’s failure to timely assert a mistake of fact pursuant to CPLR 5241 (e) bars a subsequent application. (Tolson v Tolson, 138 Mise 2d 1032.)
Furthermore, the legislative intent behind these sections *27 was to insure that an erroneously charged judgment debtor is provided with an opportunity to avoid embarrassment by establishing the existence of a mistake of fact. Although provided with an opportunity to do so, defendant has failed to make such a showing.
On July 20, 1988, defendant’s attorney requested of plaintiffs attorney and was granted a delay in service upon Gulf & Western until July 30, 1988. Accordingly, defendant acknowledged having received a minimum of 10 days’ notice during which time the instant application was served. Yet, upon review, no mistake of fact is apparent.
Plaintiffs execution alleges a failure of regular support and maintenance payments since 1976 totaling $71,760. While defendant contends that amount is inaccurate due to a money judgment obtained by plaintiff in 1976 (following an earlier income execution) and further payments into 1978, no excuse is proffered for defendant’s absolute failure to pay maintenance and support for the last 10 years. Clearly, therefore, the defendant is sufficiently in default, pursuant to CPLR 5241 (a) (7), to warrant issuance of an income execution. (See, Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 5241, 1988 Pocket Part, at 108.) In addition, having been provided with an opportunity to correct or explain the basis for his default, defendant’s due process rights have been fully complied with (Cramer v Cramer, 140 AD2d 990 [4th Dept 1988]; Shutt v Shutt, 133 Misc 2d 81).
Finally, there is no support for defendant’s position that an income execution for support enforcement, pursuant to CPLR 5241, may not be applied retroactively to pre-1985 judgments. It was specifically designed to act as an expeditious procedural mechanism to aid in the implementation of family support obligations. CPLR 5241 (a) (1) does not limit these obligations to those which followed its enactment.
Plaintiffs cross motion for attorneys’ fees, pursuant to Domestic Relations Law § 237, is denied.