[No. 12204-2-III.   Division Three.   June 1, 1993.]

GEORGE T. BAKER, *Appellant,* v. MAGNUS ALTMAYER, ET AL, *Respondents.*

*Walter E. Weeks, Jr.,* and *Weeks & Skala,* for appellant.

*James P. Hutton, Sarah G. Ottem,* and *Velikanje, Moore & Shore Inc. P.S.,* for respondents.

MUNSON, J. — George Baker, doing business as Baker's Carpet (Baker), appeals the summary judgment dismissing his action to foreclose a materialmen's lien. He contends the trial court erred in finding he failed to comply with the notice requirements of former RCW 60.04.020.

Magnus and Andrea Altmayer contracted with Derek Kelly Construction (Kelly) in August 1990 for the construction of a home on South 78th Avenue in Yakima. The Altmayers had moved from Florida to Yakima in July 1990, and from July to November they lived in an apartment on Tieton Drive. At Kelly's request, Baker furnished carpets and labor for the

home beginning October 31, 1990. Baker was still laying carpet when the Altmayers moved into the residence during the week of November 12 to 16, 1990.

Acting on behalf of Baker, Richard Simmons prepared and mailed a "Materialmens Notice of Intent To Claim Lien" by certified mail on November 9, 1990. The notice was mailed to the Altmayers' temporary residence on Tieton Drive in Yakima. Kelly had provided Baker with the Tieton Drive address. The mail carrier attempted to deliver the certified envelope on November 14 and left a notice of attempted delivery in the Tieton Drive mailbox. Unfortunately, the Altmayers had arranged to have all mail forwarded from Florida to the address on 78th Avenue and never used the mailbox on Tieton Drive. They never received the notice of intent from Baker.

Baker filed and recorded a notice of claim of lien on February 27, 1991, and filed a complaint for judgment and foreclosure of the lien on August 27, 1991. The trial court granted the Altmayers' motion for summary judgment, holding Baker failed to prove actual receipt of the notice of intent.

Baker contends the mechanics' lien statute does not require actual delivery when notice of intent to claim a lien is given by certified mail. The applicable statute provided in relevant part:

> Every person . . . furnishing materials . . . to be used in the construction . . . of any . . . building . . . shall give to the owner or reputed owner of the property on . . . which such materials . . . were used, a notice in writing . . . stating . . . that a lien may be claimed . . . which notice shall be given to the owner or reputed owner by (1) mailing the same by registered or certified mail in an envelope addressed to the owner or reputed owner at his place of residence or reputed residence . . . (2) by serving the same personally . . . and obtaining evidence of such service in the form of a receipt or other acknowledgment signed by such owner or reputed owner, and (3) . . . the notice shall also be given to the prime contractor . . . by (a) any form of mail requiring a return receipt . . ..

Former RCW 60.04.020, repealed April 1, 1992, by Laws of 1991, ch. 281, § 31.

*CHG Int'l, Inc. v. Platt Elec. Supply, Inc.*, 23 Wn. App. 425, 427, 597 P.2d 412, *review denied*, 92 Wn.2d 1026 (1979) held notice mailed to an incorrect address did not meet the statutory requirements: "Because the statute requires either personal service of the notice or delivery by certified or registered mail, the intent of the legislature is that there be *actual* notice." The trial court relied on this decision in determining Baker had failed to give the Altmayers the notice required by the statute because it could not prove actual receipt. Here, however, the notice was correctly addressed. The rationale of *CHG* is not applicable.

Baker relies on *Building Supplies, Inc. v. Gillingham*, 17 Wn.2d 489, 492, 135 P.2d 832 (1943), which held: "The statute is fully complied with when the materialman mails the notice to the owner. The risk of loss in the mail is on the owner." The statute was amended in 1957 to require that notice be given by registered or certified mail. Laws of 1957, ch. 214, § 1. One commentator suggested the purpose of the amendment was to protect the sender of notice against a claim it was not mailed and to "facilitate justice when no notice was in fact mailed." *Washington Legislation — 1957*, 32 Wash. L. Rev. 181, 207 (1957).

The statute was again amended in 1977 to permit giving notice by personal service and "obtaining evidence of such service in the form of a receipt or other acknowledgment signed by such owner . . .". Laws of 1977, 1st Ex. Sess., ch. 57, § 1. There was no amendment to the prior provision for registered or certified mail and only the 1977 amendment authorizing personal service required a return receipt or acknowledgment signed by the owner.

The statute was again amended in 1984 retaining the provision for the service by registered or certified mail upon the owner or reputed owner at his place of residence or reputed residence, and also retaining the second provision for personal service with receipt or other acknowledgment. The third provision was added for serving upon contractors "by (a) any form of mail requiring a return receipt or (b) by serving the notice personally . . . and obtaining evidence of

such service in the form of a receipt or other acknowledgement signed by the prime contractor or the prime contractor's representative". Laws of 1984, ch. 202, § 4.

■ This history suggests the Legislature's intent was to provide some flexibility in giving notice while placing on the supplier the burden of obtaining physical evidence of his compliance. As to serving the owner or reputed owner at his residence or reputed residence by registered or certified mail, the statute, even after two later amendments, does not require the materialman to show actual receipt of notice.

California courts have considered the notice requirements of mechanics' lien statutes in light of constitutional due process requirements.[1] *See Brown Co. v. Appellate Dep't of Superior Court,* 148 Cal. App. 3d 891, 196 Cal. Rptr. 258 (1983); *Connolly Dev., Inc. v. Superior Court,* 17 Cal. 3d 803, 553 P.2d 637, 132 Cal. Rptr. 477 (1976).

California's preliminary notice statute requires a claimant to give written notice to the owner or reputed owner, describing the labor or materials to be furnished, within 20 days after first furnishing labor or materials, as a necessary prerequisite to the validity of any claim of lien. Cal. Civ. Code § 3097 (West 1992). The statute provides for service by first-class registered or certified mail, and "When service is made by first-class certified or registered mail, service is complete at the time of the deposit of that registered or certified mail." Cal. Civ. Code § 3097(f)(3).

*Connolly,* at 822-23, concluded the mechanics' lien law complied with due process noting the statutory scheme contained several procedural protections. *See* Cal. Civ. Code § 3097.

Similarly, *Brown Co.* held the statutory scheme satisfied due process requirements because the owner's right to immediately litigate the validity of the lien, once it is recorded, provides adequate protection of the owner's property inter-

---

[1]*Spielman-Fond, Inc. v. Hanson's, Inc.,* 379 F. Supp. 997 (D. Ariz. 1973), *aff'd,* 417 U.S. 901, 41 L. Ed. 2d 208, 94 S. Ct. 2596 (1974) held the filing of a mechanics' lien under the Arizona statutes did not amount to the taking of a significant property interest and thus had no due process implications.

ests. *Brown Co.*, 148 Cal. App. 3d at 899-900; *see Connolly*, at 822-27.

The plain language of former RCW 60.04.020 does not support an inference actual notice is required, nor do due process considerations require such an inference. Baker complied with the literal requirements of the statute and is entitled to enforce its lien.

Reversed and remanded.

SHIELDS, C.J., and THOMPSON, J., concur.

Review denied at 122 Wn.2d 1024 (1993).