[No. 61543-8.    En Banc.    July 20, 1995.]

THE STATE OF WASHINGTON, *Petitioner*, v. JOHN C. ROGERS, *Respondent*.

272

*Russell Hauge, Prosecuting Attorney*, and *Pamela Loginsky* and *Bonnie M. Hazelbaker, Deputies*, for petitioner.

*Ronald D. Ness & Associates*, by *Ronald D. Ness*, for respondent.

SMITH, J. — Petitioner State of Washington seeks direct discretionary review of an order of the Kitsap County Superior Court affirming dismissal by the Kitsap County District Court of a charge against Respondent John C. Rogers for first-degree driving while license revoked. We granted review. We reverse and remand.

## QUESTIONS PRESENTED

The questions presented in this case are (1) whether RCW 46.20.205 satisfies the requirements of due process

in providing that a notice of suspension or revocation of a driver's license mailed by the Department of Licensing to the address indicated on the application and license, where the licensee has not given statutorily mandated notification of change of address, is effective despite the licensee's "failure to receive the notice"; and (2) whether the State of Washington is entitled to recoupment of costs incurred by the Appellate Indigent Defense Fund in representing Respondent licensee.

## STATEMENT OF FACTS

On August 4, 1993, Respondent John C. Rogers (Respondent) was charged by citation in the Kitsap County District Court with reckless driving and first-degree driving while license revoked, a gross misdemeanor.[1] He filed a motion to dismiss the driving while license revoked charge, claiming the Department of Licensing (Department) did not provide him with notice of revocation at his most recent address listed on papers in the Department's possession. The order of revocation was mailed by the Department on September 19, 1989 to "817-B 10th St., Bremerton WA 98310", the address indicated on Respondent's application and last driver's license issued August 11, 1982.[2] Respondent claimed in the Kitsap County District Court before the Honorable James M. Riehl that the Department had been put on notice that his current address was "704 Chester #307, Bremerton WA 98310" by copy of a court notice of his failure to appear for hearing on an infraction dated February 15, 1989 and by copy of a court record of his prior conviction for driving while license revoked forwarded to the Department on July 31, 1989.[3] Both notices were sent to the Department before it mailed the order of

---

[1]Clerk's Papers, at 41. *See* RCW 46.20.342(1)(a).

[2]Respondent's driving privilege was "revoked for 5 years as an habitual traffic offender" under RCW 46.65. Clerk's Papers, at 12.

[3]Clerk's Papers, at 37-38.

revocation to Respondent's address on 10th Street on September 19, 1989.[4]

The District Court on November 16, 1993, dismissed the charge against Respondent following *State v. Baker*,[5] finding that the Department of Licensing violated Respondent's right to due process by not sending the September 19, 1989 notice of revocation to his most recent address in its files.[6] The State of Washington filed a timely RALJ notice of appeal from the order of dismissal. On March 25, 1994, the Kitsap County Superior Court, the Honorable Thurman W. Lowans, judge pro tempore, affirmed the dismissal. Respondent was granted counsel for review at public expense by an order of indigency on the same date.[7] On June 13, 1994, this court granted the State's motion for discretionary review.

## DISCUSSION

Since 1989, RCW 46.20.205 has provided for change of addresses for driver's licenses as follows:

> Whenever any person after applying for or receiving a driver's license or identicard moves from the address named in the application or in the license or identicard issued to him or her . . ., the person shall within ten days thereafter notify the department in writing on a form provided by the department of his or her old and new addresses . . . . *The written notification is the exclusive means by which the address of record maintained by the department concerning the licensee or identicard holder may be changed. . . . Any notice regarding the cancellation, suspension, revocation, probation, or nonrenewal of the driver's license, driving privilege, or identicard mailed to the address of record of the licensee or*

---

[4]Clerk's Papers, at 33.

[5]49 Wn. App. 778, 745 P.2d 1335 (1987).

[6]Clerk's Papers, at 45-47.

[7]Clerk's Papers, at 21.

*identicard holder is effective notwithstanding the licensee's or identicard holder's failure to receive the notice.*[8]

(Italics ours.)

■ Respondent Rogers contends RCW 46.20.205 is unconstitutional because it deprives him of his rights under the Due Process Clause of the Fourteenth Amendment. A statute is presumed constitutional unless the challenging party proves its unconstitutionality beyond a reasonable doubt.[9] Respondent did not meet this burden of proof at trial or on appeal to the Superior Court.[10] He now attempts to do so.

■■ The constitutional guaranty of due process of law in its essence requires notice and an opportunity to be heard. The United States Supreme Court in *Mullane v. Central Hanover Bank & Trust Co.*[11] described that due process as:

[N]otice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. The notice must be of such nature as reasonably to convey the required information, and it must afford a reasonable time for those interested to make their appearance. But if with due regard for the practicalities and peculiarities of the case these conditions are reasonably met, the constitutional requirements are satisfied.[12]

Courts generally follow the due process principles announced in *Mullane* by balancing the property interest

---

[8]Laws of 1989, ch. 337, § 6. In 1994, the statute was further amended to provide specifications for the form, effective January 1, 1995. Laws of 1994, ch. 57, § 52.

[9]*Haley v. Medical Disciplinary Bd.*, 117 Wn.2d 720, 739, 818 P.2d 1062 (1991); *State v. Ward*, 123 Wn.2d 488, 496, 869 P.2d 1062 (1994).

[10]The Superior Court did not require Respondent to meet the burden of proof for unconstitutionality. It held him to a lesser standard of proof, ruling that RCW 46.20.205 did not overrule the decision in *Baker*, but merely supplemented it. Clerk's Papers, at 8.

[11]339 U.S. 306, 94 L. Ed. 65, 70 S. Ct. 652 (1950).

[12](Citations omitted.) *Mullane v. Central Hanover Bank & Trust Co., supra* at 314-15.

sought to be protected against the important state interest involved. The Court of Appeals, Division Three, employed a similar balancing test in its due process analysis in *State v. Baker, supra.*[13]

In *Baker*, the Department of Licensing mailed a notice of license suspension to the address Petitioner Glenn Baker listed when he first applied for a license and not to the most recent address indicated in other papers in the Department's files. The court concluded Mr. Baker was denied due process upon its finding that his significant interest in his license outweighed the minimal burden on the Department to search its files for his most recent address.

The State in *Baker* defended the mailing address used by the Department, asserting that Mr. Baker had not formally notified the Department of his change of address as required by RCW 46.20.205.[14] The State makes the same argument in this case. The argument is more plausible now because of the amendment to RCW 46.20.205 in 1989 after the *Baker* decision in 1987.

The previous version of the statute required only that notification of change of address for a licensee be given to the Department by the licensee in writing. It did not declare this method as the "exclusive means" for changing an address. The amended RCW 46.20.205, though, now provides that a licensee's notification of change of address on a form provided by the Department is the exclusive means for changing the address of record and also that any notice of suspension or revocation of a driver's license mailed to the licensee's address of record is effective despite the licensee's "failure to receive the notice".

---

[13]*Baker*, at 782.

[14]Former RCW 46.20.205, in effect at the time of the *Baker* decision, read:

"Whenever any person after applying for or receiving a driver's license shall move from the address named in such application or in the license issued to him or when the name of a licensee is changed by marriage or otherwise such person shall within ten days thereafter notify the department in writing of his old and new addresses or of such former and new names and of the number of any license then held by him".

The statute not only places responsibility upon the licensee to provide the Department written notification on a prescribed form of any change in the licensee's address of record, but also allows the Department to rely exclusively upon a licensee's current address of record in mailing its notices. Respondent did not utilize the required statutory form nor did he send any notification to the Department concerning his change of address. He relies instead upon a court notice of conviction and notice of infraction filed with the Department to give it notice of his change of address to "704 Chester #307, Bremerton WA 98310".[15]

■ Not having followed the statutory change-of-address procedure, Respondent cannot now assert that he was not afforded adequate notice of his license revocation. Besides, his license expired in 1985 and he did not renew it. A licensee who does not provide the Department of Licensing with information necessary for proper mailing of notices takes the reasonable risk that notices might not reach a changed address the licensee has not properly communicated to the Department. The Legislature established the procedure for giving notice of address changes in the 1989 amendment to RCW 46.20.205. The Department followed that procedure in this case. Nothing further is required.

Although Respondent Rogers' license expired in 1985, he was still obligated under the statute to inform the Department in writing of his change of address. This he did not do. He continued to drive on state highways illegally without a license. He cannot argue his right to a license and at the same time claim he is not required to inform the Department of his change of address because his license had expired. He notes that a similar question was before the court in *Baker* and the court ruled the

[15]An address for Respondent other than the 10th Street and Chester Street addresses appears in a court order entered against him on April 1, 1991 as "5204 Hwy 3 South, Bremerton WA 98310" and in a ticket citation for driving while license revoked as "5204 Hwy 3 South, Bremerton WA 98312".

Department had not given proper notice. But in *Baker*, the driver testified he did not renew his license because he had moved to another state. Respondent did not renew his license, but remains as a resident in the state of Washington and continued to operate a motor vehicle in the state without a license.

■ If Respondent wishes to hold the Department responsible for giving him notice of revocation of his license, he must follow the statutory requirement for notifying it of any change in his address despite expiration of his license. His argument that revocation of his license is not effective until the Department mails notice to his "last known address" under RCW 46.65.065 is without merit. Even assuming that his current address was "known" to the Department, the requirement under RCW 46.65.065 that notice of revocation be sent to a person's "last known address" applies only to nonresidents of this state.[16] Respondent's contention that he should be accorded the same treatment as a nonresident because his license expired is fundamentally unsound.

■ Respondent further contends that even if the amendment to RCW 46.20.205 does relieve the Department of an obligation to use an address indicated on any papers in its possession, his address of record should have been changed under *Baker* and prior to the 1989 effective date of the amended statute. *Baker* determined that notice of revocation should be sent to the most recent address on file, as well as to the changed address provided by the licensee. Under *Baker*, the Department might have been obligated to search for a new address in mailing its notice. But under the statute it had no affirmative obligation to change the address of record based on miscellaneous documents in its

---

[16]RCW 46.65.065 provides in relevant part:

"Whenever a person's driving record, as maintained by the department, brings him or her within the definition of an habitual traffic offender, . . . the department shall forthwith notify the person of the revocation in writing by certified mail at his or her address of record as maintained by the department. *If the person is a nonresident of this state, notice shall be sent to the person's last known address*". (Italics ours.)

possession and without written notification from the licensee. In any event, *Baker* is not controlling in this case.[17]

■ RCW 46.20.205 impliedly overruled *Baker* because it made revocation of a driver's license effective if notice is mailed to a licensee's address of record even if that notice is not received by the licensee. Accordingly, responsibility for ensuring that a notice is received at the correct address rests upon the licensee, who must comply with the statutory requirement of notifying the Department in writing on an approved form of the licensee's "old and new addresses".

■ In this case the Department complied with the statute, RCW 46.20.205. In doing so, it provided notice reasonably calculated to inform Respondent of the revocation of his license. There was no due process violation. The due process balancing in *Baker* is not required because RCW 46.20.205 now unequivocally imposes upon the licensee responsibility for formally giving notification to the Department of any change in address and relieves the Department of any obligation to search papers in its possession for the licensee's most recent address.

Respondent Rogers still must prove beyond a reasonable doubt that RCW 46.20.205 is unconstitutional. He cites only *Greene v. Lindsey*[18] (holding that posting notice on apartment doors did not satisfy due process because it did not provide adequate notice) and *Tulsa Professional Collection Servs., Inc. v. Pope*[19] (involving the requirement of actual notice to known or reasonably ascertainable creditors in probate proceedings). In both cases, the United

---

[17]Respondent claims the Department did not follow its own Reporting Recording Requirements, at III-7 (December 1990), which stated that the address of record shall be updated ". . .[u]pon receipt of other written documentation signed by the driver or filed on the driver's behalf (such as an SR-22 insurance filing), . . ." or "[u]pon receipt of a report concerning the driver filed by an official (such as a breath test refusal report) which shows an address which differs from that currently on record". The Department still only is obligated to meet the statutory requirement of RCW 46.20.205.

[18]456 U.S. 444, 72 L. Ed. 2d 249, 102 S. Ct. 1874 (1982).

[19]485 U.S. 478, 490, 99 L. Ed. 2d 565, 108 S. Ct. 1340 (1988).

States Supreme Court followed a due process analysis consistent with *Mullane*. But neither decision directly supports Mr. Rogers' position that mailing notice to a licensee's address of record is not reasonable notice. Neither decision supports a conclusion that RCW 46.20.205 is unconstitutional beyond a reasonable doubt.

## Recoupment of Fees

■ The State seeks recoupment of attorney fees and costs for Respondent Rogers' appeal incurred by the Appellate Indigent Defense Fund (AIDF). It contends recoupment is appropriate because the AIDF is funded by the State and a party's expenses on behalf of an unsuccessful indigent criminal defendant are recoverable under RAP 14.3. But RAP 14.3(a) provides that the prevailing party may recover only statutory attorney fees and reasonable expenses actually incurred by that party. The State has cited no statute or rule authorizing its recoupment of attorney fees and costs incurred by the AIDF in representing a defendant on appeal. We therefore deny its request for recoupment.

## SUMMARY AND CONCLUSIONS

Under RCW 46.20.205, mailing by the Department of Licensing of a notice of revocation of driver's license to the address of record provided by the licensee constitutes sufficient notice to comply with the requirements of due process. The statute relieves the Department of any obligation to use changes of addresses otherwise coming into its possession and unequivocally places responsibility upon the licensee to keep the Department properly informed of the licensee's "old and new addresses".

Respondent Rogers did not comply with his statutory obligation to send the Department written notification of his change of address. He has not established beyond a reasonable doubt that RCW 46.20.205 is unconstitutional. There is no due process violation. His license was effectively revoked when the Department mailed notice of

revocation to his address of record, even though he may not have received the notice. The Kitsap County Superior Court was in error in affirming dismissal of the first-degree driving while license revoked charge against Respondent.

The issue of collateral estoppel was not raised by the State at trial. An issue may not normally be presented for the first time on review. At any rate, collateral estoppel is not determinative of the issues in this case.

The State may not recoup attorney fees and costs on review incurred by the Appellate Indigent Defense Fund without statutory authority. It has cited no authority to support its claim for recoupment.

We reverse the order of the Kitsap County Superior Court which affirmed dismissal by the Kitsap County District Court of the charge of first-degree driving while license revoked against Respondent John C. Rogers, and remand the case for trial. We also deny recoupment by the State of attorney fees and costs incurred for this review by the Appellate Indigent Defense Fund.

DURHAM, C.J., DOLLIVER, GUY, and JOHNSON, JJ., and ANDERSEN, BRACHTENBACH, and UTTER, JJ. Pro Tem., concur.