[No. 64045-9. En Banc. June 5, 1997.]

*In the Matter of the Marriage of* KENNETH EUGENE MCLEAN, SR., *Petitioner,* and TERRI L. MCLEAN, *Respondent.*

ALEXANDER and SANDERS, JJ., dissent by separate opinion.

*Hickman & Webster, P.S.*, by *Ronald B. Webster*, for petitioner.

*Lisa M. McCammond*, for respondent.

Madsen, J. — At issue in this case is whether RCW 26.09.175(2) and due process are satisfied when pleadings in a proceeding to modify an award of child support under a dissolution decree entered by a Washington court are served upon the nonpetitioning parent by certified mail, return receipt requested, but the mailing is returned marked unclaimed. We hold such service satisfies the statute and due process, and therefore affirm the Court of Appeals.

## FACTS

The marriage of Petitioner Kenneth Eugene McLean (hereafter the father) and Respondent Terri L. Earp (formerly McLean) (hereafter the mother) was dissolved in January 1984 by a Washington decree. Custody[1] of their

---

[1]The designation of the children's primary caretaker was made prior to the Parenting Act of 1987. This state no longer uses the term "custody" in marriage dissolution actions. *In re Marriage of Kovacs*, 121 Wn.2d 795, 800-01, 854 P.2d 629 (1993).

two children was awarded to the mother and the father was ordered to pay child support of $125 per month for each child. In March 1994, the mother filed a petition for modification of child support in Whitman County Superior Court. On March 8, 1994, her counsel sent the father copies of the summons, petition, and related documents by certified mail, return receipt requested, at his residence in Payette, Idaho. The documents were returned on March 25, 1994, marked "unclaimed," and included notations indicating that notice had been given of this mail on March 10, 1994, and March 15, 1994. On March 31, 1994, a return of service was filed with the court stating that the summons, petition, and related documents had been served by mail requiring a return receipt, that they were returned "unclaimed," and further explaining that a copy of the return of service had been sent by first class mail to the father on that date, March 31, 1994. The March 31 mailing was not returned.

The father did not respond or appear. In May 1994, the mother obtained an order of default and an order increasing the father's child support obligation to $438.89 per month for one child who remained with her. (The other child had gone to live with his father.)

In December 1994, the father moved to vacate the default judgment and order of child support, arguing that proper out-of-state service had not been made under RCW 4.28.185 (the long-arm statute) and that the court lacked personal jurisdiction over him. The trial court denied the motion, and the father appealed. The Court of Appeals affirmed, in an unpublished opinion, reasoning that the Washington court had continuing jurisdiction over the parties to modify the provisions of the 1984 decree relating to support. The Court of Appeals further held that the mother's service of the summons, petition, and related documents complied with the statutory service requirements of RCW 26.09.175(2), and rejected the father's argument that the statute must be construed as requiring the return receipt to show that actual delivery had been made.

We granted the father's petition for discretionary review.

## DISCUSSION

The father argues that RCW 26.09.175(2) and due process require a return receipt evidencing actual delivery and notice that an action for modification of child support has been started. He does not claim, however, that he did not receive notification of the mail by the post office.

■ We note that the father's argument is different than the argument presented to the Court of Appeals. The father argued to that court that in personam jurisdiction over him had to be obtained pursuant to the long-arm statute, RCW 4.28.185. As the Court of Appeals held, once jurisdiction is acquired over the subject matter and the parties in a dissolution of marriage action, jurisdiction over the parties and jurisdiction to modify child placement decisions, awards of spousal maintenance, and child support generally continues. *See, e.g., Teitzel v. Teitzel*, 71 Wn.2d 715, 430 P.2d 594 (1967); *Heuchan v. Heuchan*, 38 Wn.2d 207, 228 P.2d 470, 22 A.L.R.2d 1410 (1951) (involving nonresident party); *Pike v. Pike*, 24 Wn.2d 735, 167 P.2d 401, 163 A.L.R. 1314 (1946); *Harris v. Harris*, 71 Wash. 307, 128 P. 673 (1912); *cf. Lindgren v. Lindgren*, 58 Wn. App. 588, 794 P.2d 526 (1990) (continuing jurisdiction in other than dissolution action), *review denied*, 116 Wn.2d 1009 (1991).[2] In oral argument before this court the father's counsel agreed that the Washington court has continuing jurisdiction in this matter.

■ However, even where there is continuing jurisdiction over the subject matter and the parties, a judgment may be attacked if a party has not been provided with proper notice and an opportunity to be heard. *E.g.,*

---

[2]Where jurisdiction must be obtained over a nonresident in a proceeding to modify child support, for example where the original dissolution decree is not a Washington decree, the Uniform Interstate Family Support Act lists bases for exercise of jurisdiction over the nonresident. RCW 26.21.075.

*Lindgren*, 58 Wn. App. at 593 (judgment may not be modified or vacated without notice to the adversary party). Where a court has continuing jurisdiction in a dissolution action, the court may exercise the power to modify a child support award upon reasonable notice even though the person notified is a nonresident at the time of modification. E. H. Schopler, Annotation, *Necessity of Personal Service Within State Upon Nonresident Spouse as Prerequisite of Court's Power to Modify its Decree as to Alimony or Child Support in Matrimonial Action*, 62 A.L.R.2D 544, § 2[a], 546 (1958); *see also* 24 AM. JUR. 2D *Divorce and Separation* § 1090 (1983).

RCW 26.09.175(2) sets forth the requirements of notice to the nonpetitioning party, providing that

> [t]he petitioner shall serve upon the other party the summons, a copy of the petition, and the worksheets in the form prescribed by the administrator for the courts. . . . If the decree to be modified was entered in this state, service shall be by personal service or by any form of mail requiring a return receipt.

Under RCW 26.09.175(3), if the responding party is served out-of-state, he or she has 60 days in which to file an answer. The responding party's failure to file an answer within the required time "shall result in entry of a default judgment for the petitioner." RCW 26.09.175(3).

 It is well-settled that notice by mail may satisfy due process requirements. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S. Ct. 652, 94 L. Ed. 865 (1950); *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 103 S. Ct. 2706, 77 L. Ed. 2d 180 (1983). The Court of Appeals observed in *State v. Thomas*, 25 Wn. App. 770, 773, 610 P.2d 937 (1980) that the suggestion in *Mullane* that notice may be mailed has led states to vary in legislative requirements from unspecified type of notice to regular mail, certified mail, mail requiring a return receipt requested, to the only type of mail assuring actual notice, a return receipt signed by the addressee. An example of

the latter type appears in a former version of RCW 46.64.040, the nonresident motorist statute, which provided for service of process on the Secretary of State, but only if "notice of such service and a copy of the summons or process is forthwith sent by registered mail requiring personal delivery, by plaintiff to the defendant and the defendant's return receipt . . . [is] appended" to the return of service. Another statute requiring actual receipt by the addressee is RCW 12.40.040, concerning notice of a claim in small claims court, which states that the notice of the claim can be served "by registered or certified mail if a return receipt with the signature of the party being served is filed with the court."

 Unlike former RCW 46.64.040 and RCW 12.40.040, RCW 26.09.175(2) does not state that the return receipt must be signed by the addressee, nor otherwise expressly indicate that actual delivery is required. If the Legislature had intended to require evidence of actual delivery, it could have said so expressly, as former RCW 46.64.040 and RCW 12.40.040 demonstrate.

However, the father maintains that if notice by mail, without more, was intended, the Legislature would not have required a form of mail requiring a *return receipt*. He contends that the return receipt requirement shows the Legislature intended a return receipt as evidence of actual delivery. As the father urges, statutes should be construed so that all of the language used is given effect, and no part is rendered meaningless or superfluous. *Whatcom County v. City of Bellingham*, 128 Wn.2d 537, 546, 909 P.2d 1303 (1996). Contrary to the father's argument though, the language "any form of mail requiring a return receipt" does not dictate that actual delivery is required to give meaning to that phase.

First, the return receipt form of mail designated enables the court and the parties to track what happens to the mail after it is sent. This may be important where it is claimed the petitioner used an incorrect address, for example. Second, while there may not be evidence of

actual receipt, there will be evidence that notice was sent as required by the statute. As the Court of Appeals suggested with respect to the mechanics' lien statute which similarly provides that service may be sent by certified mail, return receipt requested, such a method protects the sender against a claim that notice was never mailed. *Baker v. Altmayer*, 70 Wn. App. 188, 190, 851 P.2d 1257, *review denied*, 122 Wn.2d 1024 (1993).[3]

The plain language of RCW 26.09.175(2) does not require actual receipt. The father maintains, however, that due process is violated unless the statute is construed to require actual delivery.

■■ Where possible, statutes will be construed so as to avoid any unconstitutionality. *City of Seattle v. Montana*, 129 Wn.2d 583, 590, 919 P.2d 1218 (1996). The Fourteenth Amendment requires that deprivation of life, liberty, or property by adjudication must be preceded by notice and an opportunity to be heard appropriate to the nature of the case. *Mullane*, 339 U.S. at 313. Due process requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* at 314. In general, mail service is " 'an inexpensive and efficient mechanism' " for providing notice, involving a "relatively modest administrative burden[.]" *Mennonite Bd. of Missions*, 462 U.S. at 799 (quoting *Greene v. Lindsey*, 456 U.S. 444, 455, 102 S. Ct. 1874, 72 L. Ed. 2d 249 (1982)). Moreover, mailed notice has been widely recognized as sufficient notice of a proceeding to modify child support or spousal maintenance. *See generally* Schop-

---

[3]In this case, certified mail was used. Certified mail is not returned "unclaimed" until the postal carrier twice delivers notice of the mail with the addressee's ordinary mail. If the mail is not picked up within 15 days it is returned as "unclaimed." If the addressee has moved, is temporarily away beyond expiration of the retention period, delivery is attempted on someone who does not know the addressee, or if other specific circumstances prevent delivery, such as a nonexistent address, other endorsements are used by the postal service, such as "moved, left no [forwarding] address." *State v. Vahl*, 56 Wn. App. 603, 606, 784 P.2d 1280, *review denied*, 114 Wn.2d 1021 (1990) (citing UNITED STATES POSTAL SERVICE DOMESTIC MAIL MANUAL (DMM) 912.55 (1989)).

ler, 62 A.L.R.2D 544, § 4 at 554-56; *see, e.g., Heuchan v. Heuchan*, 38 Wn.2d 207, 228 P.2d 470, 22 A.L.R.2d 1410 (1951).

The issue then is whether mailed notice must actually be received by the addressee. Due process does not require actual notice in all circumstances. *Martin v. Meier*, 111 Wn.2d 471, 477, 760 P.2d 925 (1988) (citing *Wuchter v. Pizutti*, 276 U.S. 13, 19, 48 S. Ct. 259, 72 L. Ed. 446, 57 A.L.R. 1230 (1928)). For example, in *Mullane* the court held that in the case of missing or unknown persons, use of an indirect and probably futile means of notification is all that can be done and "creates no constitutional bar to a final decree foreclosing their rights." *Mullane*, 339 U.S. at 317. In *Meier*, the court upheld a procedure in RCW 46.64.040, the nonresident motorist statute, permitting mailed notice to defendant's last known address after due diligence in attempting to personally serve the defendant, observing that under that procedure "there is a reasonable probability that if plaintiff complies with the procedure, defendant will receive actual notice." *Meier*, 111 Wn.2d at 478. The court also observed, however, that under this method of notice "defendant may not receive actual notice of the suit against him." *Id.* at 477. The court in *Speir v. Robert C. Herd & Co.*, 189 F. Supp. 432 (D. Md. 1960) addressed a Maryland statute providing for notice by registered mail in a tort action to an out of state corporation doing business in the state which did not require securing a return receipt from defendant. The court, relying upon *Mullane*, held that a return receipt is not constitutionally required. *Id.* at 434, *cited in* 4 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE, *Federal Rules of Civil Procedure* § 1074 n.6 (2d ed. 1987). Thus, due process does not require proof of actual receipt of the mail by the addressee. What is required is notice reasonably calculated under all the circumstances to apprise a party of the pendency of the action and provide an opportunity to be heard.

There is little Washington case law concerning mailed notice where modification of spousal maintenance or child support is sought. In *Heuchan*, 38 Wn.2d at 213, the court applied the doctrine of continuing jurisdiction where the former wife sought modification of an alimony[4] award, and upheld notice by mail to the nonresident former husband, saying it accorded with service of notice prescribed by the superior court.

Other courts have held that notice of a child support modification proceeding is sufficient where mail is not actually received. In *Taylor v. Taylor*, 672 A.2d 44 (Del. Ct. 1996), the Supreme Court of Delaware held that notice to the nonresident father of an action to increase child support sent by regular mail to his last known address was sufficient. The court said that notice of a modification petition by regular mail is reasonably calculated under all the circumstances to apprise interested parties of the pendency of the action and provide an opportunity to be heard, and is reasonable per se for due process purposes. *Id.* at 50; *see also, e.g., In re Marriage of Ponsart*, 118 Ill. App. 3d 664, 455 N.E.2d 271 (1983) (notice of petition for modification of child support adequate where mailed to nonresident parent; particular court rule requiring receipt of notice by defendant not applicable); *State ex rel. Ravitz v. Fox*, 166 W. Va. 194, 273 S.E.2d 370 (1980) (notice of post-dissolution decree modifications by certified mail satisfies due process) (citing, among other cases, *McClellan v. McClellan*, 125 Ill. App. 2d 477, 261 N.E.2d 216 (1970) where the court applied the doctrine of continuing jurisdiction and held that notice of post-dissolution decree proceedings by mail is sufficient); *cf., e.g., Mitchell v. Mitchell*, 141 Misc. 2d 25, 532 N.Y.S.2d 483 (1988) (notice of income execution for support enforcement against father's employer sent by certified mail but not claimed is adequate notice); *Wright v. Wentzel*, 749 S.W.2d 228, 232 (Texas App. 1988) (*Mullane*'s requirement of notice by means " 'such as one desirous of actually

---

[4]Alimony is no longer awarded in Washington. Spousal maintenance may be awarded. *See* RCW 26.09.090; RCW 26.09.170.

informing the absentee might reasonably adopt to accomplish it' " is satisfied when a letter of notification of a rescheduled hearing in an action to modify child placement is sent by certified mail to the nonresident parent and is returned as "refused" or "unclaimed," "if it is apparent that the address was valid and could be located by the postal office." *Id.* at 232) (quoting *Mullane*, 339 U.S. 306).

In other contexts Washington courts have found mailed notice sufficient for due process purposes even where it is not actually received. *E.g.*, *Meier*, 111 Wn.2d 471; *Baker v. Altmayer*, 70 Wn. App. 188, 851 P.2d 1257 (1993) (mechanics' lien statute does not require actual receipt of notice sent by registered or certified mail to owner of materialmen's intent to claim lien). Both this court and the Court of Appeals recently held that due process is not violated where notice of a driver's license revocation is mailed to the licensee's address of record pursuant to RCW 46.20.205, even though that statute expressly states that notice is effective notwithstanding the licensee's failure to receive the notice. *State v. Rogers*, 127 Wn.2d 270, 898 P.2d 294 (1995); *State v. Whitney*, 78 Wn. App. 506, 897 P.2d 374, *review denied*, 128 Wn.2d 1003 (1995). By statute the licensee is advised that the address of record will be used for notice of revocation, and that he or she must advise the department of licensing of any change of address of record. The Court of Appeals in *Whitney*, 78 Wn. App. at 513, stated: "The mailing of a notice, certified mail, return receipt requested to the address on a driver's current license under circumstances where the driver has not advised the Department of any address change is a procedure which, if followed, creates a reasonable probability that the driver will receive actual notice."

In *State v. Vahl*, 56 Wn. App. 603, 784 P.2d 1280 (1990), the issue also concerned a statute providing for notice of a driver's license revocation by certified mail, former RCW 46.65.065(1). The defendant, an habitual traffic offender, claimed that notice sent by certified mail failed to satisfy

due process where the mail was unclaimed. The court rejected the argument, and reasoned that refusing to claim certified mail is analogous to refusing to accept in hand service, and that just as a person cannot defeat notice by refusing tendered process, a person cannot defeat mail by refusing to claim certified mail. *Vahl*, 56 Wn. App. at 607 (citing *United Pac. Ins. Co. v. Discount Co.*, 15 Wn. App. 559, 550 P.2d 699 (1976) and *Nielsen v. Braland*, 264 Minn. 481, 119 N.W.2d 737 (1963)).

Among the circumstances which a court should consider in determining what constitutes proper notice, the individual interest at stake should be weighed against the important state interest involved. *State v. Rogers*, 127 Wn.2d 270, 275-76, 898 P.2d 294 (1995). In *Rogers* and *Whitney*, the individual interest at stake was significant, i.e., the interest an individual has in a driver's license, as its " 'continued possession may become essential in the pursuit of a livelihood.' " *State v. Baker*, 49 Wn. App. 778, 780, 745 P.2d 1335 (1987) (quoting *Bell v. Burson*, 402 U.S. 535, 539, 91 S. Ct. 1586, 29 L. Ed. 2d 90 (1971)). Even though such a significant interest was at stake, the courts held that a statute expressly not requiring actual receipt of mailed notice satisfies due process.

When increased child support is sought, a significant property interest is often at stake. The state interest involved is also significant, as the state has an extremely important interest in the welfare of children and a significant interest in a method of proof of notice which is efficient and inexpensive for the petitioning parent to use. If certified mail is unclaimed, proof of actual notice, if required, would entail a far greater burden. As in *Rogers* and *Whitney*, due process does not require actual receipt of mailed notice of the modification proceedings even though a significant individual interest is at stake where modification of child support is sought.

Moreover, an additional factor supports this conclusion where a child support modification proceeding is involved. A child modification proceeding is a continuation of the

original dissolution proceeding. Unlike the initial service of process when a dissolution is sought, service of the pleadings in a modification action come as no surprise to a parent who knows that the terms of the dissolution decree regarding children are always subject to modification. Here, modification was sought 10 years after the dissolution decree and under the terms of that decree the father had a child support obligation of only $125 per month for each child. Proceedings to modify child support should be expected from time to time.

We conclude that under all the circumstances, there is a reasonable probability that if a petitioning parent mails pleadings in child support modification proceedings to a valid address the nonpetitioning parent will receive them.

Finally, the father's reliance upon *State v. Bazan*, 79 Wn. App. 723, 904 P.2d 1167 (1995), *review denied*, 129 Wn.2d 1023 (1996), is misplaced. Although the father says the case holds that a court cannot infer or presume receipt of a summons when the return receipt is marked "unclaimed," *Bazan* is distinguishable because it involved application of the *Striker* rule requiring that a constructive arraignment date be set where there has been a long and unnecessary delay in bringing a defendant who is amenable to process to court. *State v. Striker*, 87 Wn.2d 870, 557 P.2d 847 (1976). Any period of delay attributable to the fault or connivance of the defendant is excluded from the time for trial period, and the State in *Bazan* argued that the defendant's failure to claim certified mail (the summons) excused the State from the necessity of acting with due diligence in bringing the defendant to trial. The Court of Appeals held that while nothing prevented the State from using certified mail to notify defendant of the pending charge, the State cannot assume that the failure to pick up certified mail indicates fault or connivance on the part of defendant, excusing the State from taking any further steps to notify the defendant of the pending charges. *Id.* at 729. Moreover, the father's argument based upon *Bazan* assumes that actual receipt is required, a proposition we reject here.

We hold that where a dissolution decree was entered in Washington and the Washington court accordingly has continuing jurisdiction over an award of child support and the parties, RCW 26.09.175(2) and due process are satisfied by mailing the pleadings in a child support modification proceeding by certified mail to a valid address, even if the mail is returned unclaimed or refused. Here, the father does not claim an invalid address was used or that the mother had any reason to believe that he would not receive a mailing sent to his Idaho address. The Court of Appeals is affirmed.

DURHAM, C.J., and DOLLIVER, SMITH, GUY, JOHNSON, and TALMADGE, JJ., concur.

ALEXANDER, J. (dissenting) — Although I have substantial doubts about whether RCW 26.09.175(2), as construed by the majority, satisfies the requirements of due process,[5] I need not address that issue because, in my judgment, service by mail of a summons and petition to modify child support is effective under that statute only if the responding party acknowledges in writing that the mailed pleadings were actually received. I therefore dissent.

RCW 26.09.175(2) provides in relevant part:

> The petitioner shall serve upon the other party the summons, a copy of the petition, and the worksheets in the form prescribed by the administrator for the courts . . . . *If the decree to be modified was entered in this state, service shall be by personal service or by any form of mail requiring a return receipt.*

(Emphasis added). The majority concludes that service of the summons and petition is effective under this statute if they are mailed "by certified mail to a valid address, even if the mail is returned unclaimed or refused." Majority op.

---

[5] "[A]ctual notice is a minimum constitutional precondition to a proceeding which will adversely affect the liberty or property interests of *any* party . . . if its name and address are reasonably ascertainable." *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 800, 103 S. Ct. 2706, 77 L. Ed. 2d 180 (1983).

at 314. I disagree. In my view, a commonsense reading of RCW 26.09.175(2) can only lead one to the conclusion that service by mail is effective under the statute only if there is written acknowledgment that the summons and petition were received.

In reaching that decision I focus on what I believe are the key words in the statutory declaration that "service shall be by . . . any form of mail requiring a return receipt," to wit: "requiring" and "receipt." It seems readily apparent that by using the word "requiring," the Legislature was dictating that the only method of mailing that would constitute effective service of a summons and petition is a method that produces a return receipt. Moreover, common sense suggests that a document serves as a receipt only if it carries an indication that something was received. *Cf.* WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1894 (1986) (receipt is "a writing acknowledging the taking or receiving of goods or money delivered or paid"). It follows that a document which merely states that mail was "unclaimed" does not constitute a receipt. Thus, a form of mail that produces such a document cannot be considered a "form of mail *requiring* a return receipt."

Even assuming that the language of RCW 26.09.175(2) *could be* interpreted as the majority suggests, the most that can be said is that the statute is ambiguous. In such a case, resort to the tools of statutory construction is appropriate. *Morris v. Blaker*, 118 Wn.2d 133, 142, 821 P.2d 482 (1992). "Our primary goal in interpreting a statute is to ascertain and give effect to the Legislature's intent." *Health Ins. Pool v. Health Care Auth.*, 129 Wn.2d 504, 508, 919 P.2d 62 (1996) (citing *Tommy P. v. Board of County Comm'rs*, 97 Wn.2d 385, 391, 645 P.2d 697 (1982)). If the Legislature's intent was as the majority gleans it to have been, the Legislature could simply have said that service can be accomplished by "any form of mail." Significantly, the Legislature said more.

In construing statutes, "a word may be defined by an ac-

companying word, and ordinarily the coupling of words denotes an intention that they should be understood in the same general sense." 2A NORMAN J. SINGER, SUTHERLAND STATUTORY CONSTRUCTION § 47.16, at 183 (5th ed. 1992) (footnotes omitted); *see also, e.g., Darks Dairy, Inc. v. Alabama Dairy Comm'n*, 367 So. 2d 1378, 1381 (Ala. 1979) ("just as statutes dealing with the same subject are in *pari materia* and should be construed together, . . . parts of the same statute are in *pari materia*); *Easom v. Farmers Ins. Co.*, 221 Kan. 415, 560 P.2d 117, 118 (1977) ("The several provisions of an act, *in pari materia,* must be construed together with a view of reconciling and bringing them into workable harmony . . . ."), *quoted in Guardian Title Co. v. Bell*, 248 Kan. 146, 805 P.2d 33, 37 (1991). Here, the phrase a "form of mail requiring return receipt" is set forth in the disjunctive with "personal service." The coupling of these phrases following the words "service shall be by" suggests that service by mail is akin to personal service. While it is a strain to equate the mere act of mailing to personal service, it is not a stretch to conclude that mailing a summons and petition is akin to personal service if the mail is received by the other party.

This view is consistent with *CHG Int'l, Inc. v. Platt Elec. Supply, Inc.*, 23 Wn. App. 425, 597 P.2d 412, *review denied*, 92 Wn.2d 1026 (1979). The issue there was whether a materialman had effectively served a notice pursuant to RCW 60.04.020 (repealed 1991), a statute which provided for service of a notice by "personal service" or "by registered or certified mail." *CHG Int'l*, 23 Wn. App. at 427. In concluding that the materialman had not complied with the statute when the notice it mailed was returned "unclaimed," the Court of Appeals stated, "Because the statute requires either personal service of the notice or delivery by certified or registered mail, the intent of the legislature is that there be *actual* notice." *CHG Int'l*, 23 Wn. App. at 427 (citing *Robel v. Highline Pub. Schs., Dist. 401*, 65 Wn.2d 477, 398 P.2d 1 (1965); *Van Duyn v. Van Duyn*, 129 Wash. 428, 225 P. 444, 227 P. 321 (1924)).

The majority concludes that proof of actual receipt is

not necessary to give meaning to the statutory phrase "any form of mail requiring a return receipt." That is so, the majority asserts, because "the return receipt form of mail designated enables the court and the parties to track what happens to the mail after it is sent," thereby showing that the mailed pleadings were actually sent and that the correct address was used. Majority op. at 307-08. The majority overlooks the fact that the United States Postal Service offers a "certificate of mailing" service that "provides evidence . . . of mailing." UNITED STATES POSTAL SERVICE DOMESTIC MAIL MANUAL S914.1.1, at S-27 (1997). If the Legislature had intended service of a summons and petition to be effective upon proof of mailing to a correct address, without regard to whether the mail was received, it could have specified that service by mail is effective merely upon the filing of a certificate of mailing. It is sensible to conclude that by specifying a form of mail requiring a return receipt, the Legislature was indicating its desire that something more than mere proof of mailing to the correct address is necessary to effect service.

The majority cites *State v. Vahl*, 56 Wn. App. 603, 784 P.2d 1280, *review denied*, 114 Wn.2d 1021 (1990), noting that proof of actual receipt should not be required when service is by mail because "refusing to claim certified mail is analogous to refusing to accept in hand service," which will not defeat service. Majority op. at 312. *Vahl* must be read in light of the statute under review in that case, former RCW 46.65.065(1). It provided for service *only* by mail. By contrast, RCW 26.09.175(2) provides for personal service as an alternative and, thus, a respondent cannot avoid service by refusing to collect his or her mail because the petitioner can always resort to personal service.

The majority's citation to *Vahl* is also unfortunate because it seemingly endorses what I see as an erroneous inference that a party's failure to claim mail necessarily means that the respondent is avoiding service. Obviously, there are many other explanations why mail might go unclaimed, including the possibility that the other party

is legitimately away from his or her place of residence. Unfortunately, under the majority's construction of RCW 26.09.175(2), a party seeking to modify the child support provisions of a dissolution decree is provided with an incentive to mail the summons and petition at a time when the sender knows that the other party will be absent from his or her residence. In such a case, a default judgment could be entered in as little as 20 days after the summons and petition have been returned unclaimed. *See* RCW 26.09.175(3) (providing for entry of default judgment against responding party residing in Washington if answer not filed within 20 days of service).

In sum, a form of mail that provides the sender with something other than written acknowledgment that the mail was received by the addressee is not a "form of mail requiring a return receipt." Neither is it akin to personal service. Because the petitioner here did not obtain a receipt showing that the summons and petition were actually received, service was not in accordance with RCW 26.09.175(2). I dissent.

SANDERS, J., concurs with ALEXANDER, J.