# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

| | | |
|---|---|---|
| JP MORGAN CHASE BANK, as Trustee f/k/a THE CHASE MANHATTAN BANK, successor in interest to THE CHASE MANHATTAN BANK, N.A., its successors in interest and/or assigns, | ) ) ) ) ) ) | No. 76624-4-I |
| | ) ) | DIVISION ONE |
| Respondent, | ) ) ) | UNPUBLISHED OPINION |
| v. | ) ) | |
| HUY-YING CHEN and YUEH-HUA LEE CHEN, husband and wife, | ) ) ) ) | |
| Appellants, | ) ) ) | |
| CHINA TRUST BANK (USA); NEIL GOLDBERGER, an individual; V.N. PRODUCTS, INC., a California corporation; Occupants of the premises; and all persons or parties unknown claiming any right, title, estate, lien, or interest in the real estate described in the complaint, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | FILED: October 8, 2018 |

APPELWICK, C.J. — Chen appeals the trial court's denial of his objections to the confirmation of a foreclosure sale. Chen fails to demonstrate substantial irregularities in the proceedings concerning the sale. We affirm.

## FACTS

In 1999, Huy-Ying and Yueh-Hua Chen (collectively Chen) borrowed $525,000 from Washington Mutual Bank (WaMu) in order to purchase a home in

King County, Washington.[1] WaMu later assigned the loan to JP Morgan Chase Bank (Chase).

Chen failed to make a substantial portion of the monthly payments due under the loan. In 2006, Chase initiated a judicial foreclosure action.[2]

Chen filed for bankruptcy. On April 13, 2007, Chen removed the judicial foreclosure action to bankruptcy court. In the bankruptcy proceedings, Chen admitted the loan was in default.

Chase filed for summary judgment. On November 29, 2007, the bankruptcy court found Chen in default and granted summary judgment in favor of Chase. The bankruptcy court awarded a judgment of $647,476.68 in favor of Chase and ordered a foreclosure sale of the property.

On December 10, 2007, Chen appealed the bankruptcy court judgment. On March 24, 2008, a federal district court denied Chen's motion for a stay of the foreclosure pending the appeal. The federal district court found that "[b]ecause the Chens are unlikely to prevail on appeal against Chase, the foreclosure sale of their Redmond home is unavoidable. . . . Accordingly, Chase is permitted to proceed with the foreclosure sale of the Redmond home."

Chase registered the bankruptcy court judgment in King County Superior Court as a foreign judgment and obtained an order of sale. The parties ultimately

---

[1] Yueh-Hua Chen passed away after the judicial foreclosure action was filed.
[2] Though the 2006 judicial foreclosure proceedings are not part of the record, this court may take judicial notice of proceedings ancillary to the case before it. See ER 201; Spokane Research & Def. Fund v. City of Spokane, 155 Wn.2d 89, 98, 117 P.3d 1117 (2005).

reached an agreement to cancel the pending sale, in exchange for Chen dismissing the appeal of the bankruptcy court judgment. The bankruptcy court dismissed the appeal on November 20, 2008.

The record implies that efforts to negotiate a payment plan over the next several years were unsuccessful, and Chase ultimately obtained another order of sale, scheduling the date of sale for December 16, 2016.

On December 12, 2016, Chen, acting pro se, filed a "Motion to Dismiss a Wrongful Judicial Foreclosure." The superior court denied Chen's motion, permitting the sale to take place. The sale occurred as scheduled.

On January 12, 2017, Chen, through counsel, filed an objection to confirmation of the sale. The trial court overruled the objections, and denied Chen's motion for reconsideration. This appeal followed.

## DECISION

A court must confirm a foreclosure sale unless "it shall satisfactorily appear that there were substantial irregularities in the proceedings concerning the sale, to the probable loss or injury of the party objecting." RCW 6.21.110(3). We reverse a superior court's order confirming a foreclosure sale only for a manifest abuse of discretion. Braman v. Kuper, 51 Wn.2d 676, 681, 321 P.2d 275 (1958). A trial court abuses its discretion when its decision is "manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons." State ex rel. Carroll v. Junker, 79 Wn.2d 12, 26, 482 P.2d 775 (1971). A superior court's decision on a motion for reconsideration is also reviewed for abuse of discretion. Rivers v. Wash. State Conf. of Mason Contractors, 145 Wn.2d 674, 685, 41 P.3d 1175 (2002).

Chen first claims that Chase lacked standing to pursue a judicial foreclosure because "[t]here is no entity that appears to exist by this name." But, Chen does not base this conclusory assertion on any evidence or citation to the record. We do not consider arguments unsupported by authority or analysis. Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).

Chen next argues that he did not receive notice of the sale as required by RCW 6.21.030(1)(a), which provides that a judgment creditor must:

> [n]ot less than thirty days prior to the date of sale, cause a copy of the notice in the form provided in RCW 6.21.040 to be (i) served on the judgment debtor or debtors and each of them in the same manner as a summons in a civil action, or (ii) transmitted both by regular mail and by certified mail, return receipt requested, to the judgment debtor or debtors, and to each of them separately if there is more than one judgment debtor, at each judgment debtor's last known address.

Here, on or about October 27, 2016, the order of sale was mailed to Chen via both first class and certified mail, return receipt requested at the following address: 5112 189th Avenue NE, Redmond, Washington, 98052. Chen contends that the city is actually Sammamish and that he did not receive the notice. But, due process does not require proof of actual receipt of the mail by the addressee. In re Marriage of McLean, 132 Wn.2d 301, 309, 937 P.2d 602 (1997). And, the record showed that Chen received a subsequent mailing using the Redmond address. The record also shows that Chen repeatedly used the Redmond address in the footer of his own pleadings. Finally, it is abundantly clear that Chen had knowledge of the sale date, because Chen filed a pro se pleading challenging the sale. Chen fails to establish noncompliance with RCW 6.21.030(1)(a).

Chen next contends that Chase failed to meet its obligations under RCW 6.21.030(1)(c), which requires a judgment creditor to "[f]ile an affidavit with the court that the judgment creditor has complied with the notice requirements of this section." Chen argues that the affidavit must be filed thirty days prior to the sale date and that it was not filed until December 22, 2016, six days after the sale. But, a plain reading of the statute shows that RCW 6.21.030(1)(c) has no timing requirement.

Chen fails to show "substantial irregularities in the proceedings" meriting reversal. RCW 6.21.110(3).

Chen next contends that the judgment was unenforceable because it expired prior to the foreclosure sale. Judgments rendered by a Washington court are enforceable for a period of 10 years, unless the party obtains an extension. RCW 6.17.020(1), (3). A foreign judgment filed in a superior court shall be treated in the same manner as a judgment of the superior court. RCW 6.36.025(1). Here, Chase obtained the judgment on November 29, 2007. The sale occurred on December 16, 2016, within the 10 year time limit.[3] The judgment had not expired and was enforceable.

Finally, Chen argues that the judgment was void, because it was filed in the trial court while his bankruptcy case remained stayed. The filing of a bankruptcy petition automatically stays the enforcement of a judgment against the debtor during the pendency of the bankruptcy proceeding. 11 U.S.C. § 362(a); Hazel v. Van Beek,

_____

[3] Chase contends that the 10 year time limit began to run on April 18, 2008, the date the bankruptcy court judgment was registered as a foreign judgement. Because the judgment was enforceable using either the November 29, 2007 or the April 18, 2008 date, resolution of this issue is unnecessary.

-5-

135 Wn.2d 45, 48, 954 P.2d 1301 (1998). But, the automatic stay terminated, at the latest, on March 24, 2008, when the federal district court ordered that Chase could proceed with the foreclosure sale. Chase registered the bankruptcy court judgment after this date, on April 18, 2008. Chen's claim that the automatic stay provisions of 11 U.S.C. § 362(a) rendered the judgment unenforceable is entirely without merit.

Chen appears to make two other arguments: (1) that he detrimentally relied on Chase's promise to modify the terms of his loan in exchange for dismissal of his bankruptcy court appeal and (2) that Chase was improperly permitted to credit bid the full amount of the debt at the foreclosure sale. These conclusory claims are unsupported by argument or citation to authority, and we do not consider them. See RAP 10.3(a)(6).

Chen seeks attorney fees and costs on appeal pursuant to RAP 18.1. Because Chen is not the prevailing party on appeal, the request is denied.

We affirm.

WE CONCUR:

FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON
2018 OCT -8 AM 10: 20