[No. 8091-9-III.   Division Three.   December 1, 1987.]

THE STATE OF WASHINGTON, *Respondent*, v. GLENN I. BAKER, *Petitioner*.

*Frank Jenny,* for petitioner (appointed counsel for appeal).

*Jeffrey C. Sullivan, Prosecuting Attorney,* and *Gregory Shogren, Deputy,* for respondent.

MCINTURFF, C.J.—We accepted discretionary review of a superior court decision which affirmed Glenn Baker's district court conviction for driving while license suspended. We hold the Department of Licensing suspended Mr. Baker's license without affording him his due process right to reasonable notice. Thus, the suspension is void; Mr. Baker's conviction is reversed.

The record establishes Mr. Baker's Washington driver's license expired in 1981. Mr. Baker testified he did not renew the license because he had moved to another state. On July 17, 1984, he was cited in Yakima County for a traffic infraction, and he gave 1501 Paterson, Prosser, as his address.[1] On March 20, 1985, the Department mailed notice of an order of suspension to Mr. Baker at 712 Court, Prosser. Apparently, the "Court" address was the one given by Mr. Baker when he originally applied for a Washington license.

Mr. Baker stated he first learned his driving privileges were suspended on May 15 or 16, 1985, when he was stopped by a Richland police officer because his vehicle had no front license plate. One week later, on May 22, 1985, he was stopped in Yakima County for speeding and cited for driving while his license was suspended.

At his trial, Mr. Baker attempted to introduce into evidence a copy of the notice of traffic infraction issued on July 17, 1984, in Yakima County, showing 1501 Paterson, Prosser, as his address. The district court took judicial notice of the exhibit, which was part of its own files, but it refused to admit the exhibit for the jury's consideration. The court gave two reasons: (1) Mr. Baker had produced no evidence that the Department had received the notice of

---

[1] Appellate counsel for Mr. Baker represented to this court during oral argument that the "Paterson" address was the address of Mr. Baker's parents who would forward mail addressed to him. Mr. Baker acted as his own counsel at trial.

infraction with the new address; and (2) in any event, the notice of infraction did not comply with the statutory procedures for advising the Department of changes of address. *See* RCW 46.20.205 which imposes a duty on the holder of a Washington driver's license to notify the Department in writing of changes of address within 10 days of such a change. The district court earlier had denied Mr. Baker's motion to dismiss on the basis that the order of suspension was invalid because it had not been mailed to his current address.

In *Bell v. Burson,* 402 U.S. 535, 29 L. Ed. 2d 90, 91 S. Ct. 1586, 1591 (1971), the United States Supreme Court held that, except in emergency situations, due process requires that when a state seeks to terminate a person's license to drive, it must afford notice and an opportunity for a hearing appropriate to the nature of the case *before* the termination becomes effective. The Court's stated rationale was that "[o]nce licenses are issued . . . their continued possession may become essential in the pursuit of a livelihood." *Bell v. Burson,* at 539. By statute in Washington, when the Department proposes to suspend the driving privileges of any person, it must provide notice and an opportunity for a driver improvement interview. RCW 46.20.322(1). RCW 46.20.328 requires personal service of the findings made pursuant to the driver improvement interview on the person involved, who then has 10 days to request a formal hearing.

The Department contends it complied with the constitutional and statutory requirements by sending Mr. Baker notice of its intent to suspend his license at the address he gave when he applied for his license. The narrow question here is whether such notice was appropriate to the nature of the case, *Bell v. Burson,* at 542, if the Department had a later address for Mr. Baker on record.

The district court rejected evidence of the later address on the ground Mr. Baker had not proved the Department received it, but under RCW 46.20.270:

(2) Every court having jurisdiction over offenses committed under this chapter, or any other act of this state . . . regulating the operation of motor vehicles on highways, . . . shall forward to the department within ten days of a forfeiture of bail . . . or a finding that any person has committed a traffic infraction an abstract of the court record in the form prescribed by rule of the supreme court, . . .

Here, the 1984 ticket contains an abstract of judgment which has a date written in after the heading "Abstract Mailed to Olympia." The foregoing is sufficient evidence that the Department had the "Paterson" address on record.

In *State v. Thomas,* 25 Wn. App. 770, 774, 610 P.2d 937 (1980), the court held that proof of *actual* receipt of a notice of license suspension sent by regular mail was not required to satisfy due process. It was sufficient that the State had mailed the notice to the address the Montana resident had given in district court when appearing to answer a charge of driving while intoxicated just 3 weeks earlier. *State v. Thomas, supra.* While *Thomas* did not answer the narrow question of whether the Department must send a notice of suspension to the most recent address it has on record for the individual in question, its general analysis is applicable. The *Thomas* court stated:

> The notice given before deprivation of a significant right must be notice reasonably calculated, under all the circumstances, to inform the affected party of the pending action and afford him an opportunity to present his objections. *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 94 L. Ed. 865, 70 S. Ct. 652 (1950).
> . . .
>
> . . .
> In determining whether reasonable notice under the circumstances has been provided, the nature of the individual right at stake should be balanced with the relative burden imposed on the party who must give notice. The circumstances of the case provide the answer.

*Thomas,* at 772–73.

Other jurisdictions have employed the same general analysis as *Thomas* to support holdings that a notice of suspension sent to an old address was insufficient when the

defendant's new address was available from traffic tickets forwarded to the licensing department by the courts. *People v. Yount,* 174 Colo. 462, 484 P.2d 1203 (1971); *Moran v. Dollison,* 3 Ohio App. 3d 121, 444 N.E.2d 55 (1981). In *Yount,* which involved an appeal from a conviction for driving while license suspended, the court voided all proceedings because of the department's failure to send notice to the defendant at the address provided by him in previous tickets. *See also* Annot., *Sufficiency of Notice and Hearing Before Revocation or Suspension of Motor Vehicle Driver's License,* 60 A.L.R.3d 427, § 3 (1974).

In determining what is reasonable notice under the circumstances, we balance Mr. Baker's significant interest in his driver's license against the Department's interest in efficient administration. Mr. Baker's interest outweighs the small inconvenience to the Department in reviewing his file and sending notices, at a minimum, to the most recent address listed on any of the papers in its possession, as well as to the original address provided by him. In light of the Department's knowledge of Mr. Baker's most recent address, the notice provided was inadequate to reasonably inform Mr. Baker of the pending suspension. Thus, Mr. Baker was denied due process.

In so holding, we reject the State's contention that Mr. Baker's failure to advise the Department of his address change pursuant to RCW 46.20.205 absolved the Department of any duty to send a notice to the address provided by Mr. Baker when he was cited in 1984 for a traffic infraction. First, we question whether RCW 46.20.205 applies after the Washington license has expired, as it had in Mr. Baker's case. Second, the fact Mr. Baker may not have followed a statute does not mean the Department need not send a notice of suspension to a new address it has on record.

The State also argues that Mr. Baker should have stopped driving once he learned of the suspension and initiated an administrative challenge to the Department's order. The State suggests a prudent procedure to follow,

but the issue before us is whether Mr. Baker's license was validly suspended. Procedural due process is required *before* a license suspension becomes effective. *Bell v. Burson, supra.*

The judgment of the Superior Court is reversed.

GREEN and THOMPSON, JJ., concur.