[No. 67038-2.   En Banc.]
Argued March 23, 1999.     Decided August 19, 1999.

THE STATE OF WASHINGTON, *Respondent*, v. TIMOTHY GENE DOLSON, *Petitioner.*

*Lee Grochmal, Public Defender,* for petitioner.

*David S. McEachran, Prosecuting Attorney,* and *Eric John Richey, Deputy,* for respondent.

*Neil Martin Fox* on behalf of Seattle-King County Public Defender Association, amicus curiae.

DURHAM, J. — Timothy Dolson challenges his conviction for driving with a suspended license in the first degree. He contends that the Department of Licensing (DOL) violated his right to due process by failing to notify him of the license revocation at his address of record. We agree and accordingly reverse Dolson's conviction.

## FACTS

In 1990, after years of traffic infractions and convictions for Driving Under the Influence, DOL adjudged Timothy Dolson to be a habitual traffic offender. Under the Washington Habitual Traffic Offenders Act, RCW 46.65, DOL must revoke the driver's license of any person who is convicted of three serious traffic offenses within a five-year period. RCW 46.65.020(1). DOL sent Dolson a letter by certified mail informing him that he was a habitual traffic offender and that DOL was revoking his license for five years. The letter explained that Dolson could appeal the habitual traf-

fic offender determination within 10 days[1] of receipt of the letter. However, Dolson never received the letter, which was returned to DOL marked "Not Deliverable as Addressed, UNABLE TO FORWARD."

The revocation letter was sent to "1726 E. Central, Spokane, WA.," an address apparently obtained from a traffic ticket issued to Dolson in 1989. However, the Central Street address was not Dolson's official address of record as maintained by DOL. Instead, Dolson's address of record was his mother's residence. Neither Dolson's prior driver's license nor his identicard (issued by DOL) listed the Central Street address.

In 1992, two years after DOL sent Dolson the letter informing him that his license had been revoked, Dolson was convicted of driving with a revoked license. In 1994 and 1995, he was convicted three more times for driving without a license. In July 1996, Dolson was pulled over while driving the wrong way on a freeway on-ramp. He was again charged with driving with a revoked license. Before trial, Dolson challenged the underlying 1990 revocation, arguing that he never received notice of the revocation because the letter notifying him of the revocation was sent to the wrong address. The Whatcom County District Court rejected this argument and entered a finding of guilt against Dolson. On appeal, the Whatcom County Superior Court reversed and dismissed the 1996 conviction on the grounds that DOL's noncompliance with statutory notice procedures invalidated the original license revocation. The Court of Appeals reversed the Whatcom County Superior Court and reinstated Dolson's conviction. The court held that regardless of DOL's statutory violation, sending notice to Dolson's most recently known address did not abrogate Dolson's due process rights. We granted review.

## ANALYSIS

A driver's license represents an important prop-

---

[1] The letter incorrectly stated that Dolson had 10 days to appeal, rather than the 15 allowed by statute. This error is not at issue in this case.

erty interest and cannot be revoked without due process of law. *Bell v. Burson*, 402 U.S. 535, 91 S. Ct. 1586, 29 L. Ed. 2d 90 (1971). Due process requires that the State afford both notice and the opportunity to be heard prior to revocation. *State v. Rogers*, 127 Wn.2d 270, 275, 898 P.2d 294 (1995). This notice must be reasonably calculated to inform the affected party of the pending action and of the opportunity to object. *See, e.g., State v. Baker*, 49 Wn. App. 778, 781, 745 P.2d 1335 (1987) (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S. Ct. 652, 94 L. Ed. 865 (1950)). In a prosecution for driving with a revoked license, the State has the burden to prove that the revocation of the defendant's license complied with due process. *State v. Storhoff*, 133 Wn.2d 523, 527, 946 P.2d 783 (1997). A revocation that does not comply with due process is void. *Baker*, 49 Wn. App. at 782.

RCW 46.65.065 codifies these constitutional due process requirements. The statute mandates that DOL notify habitual traffic offenders of their license revocation, the right to a formal hearing, and the procedure for obtaining a hearing. The statute reads in part:

> (1) Whenever a person's driving record, as maintained by the department, brings him or her within the definition of an habitual traffic offender, as defined in RCW 46.65.020, the department shall forthwith notify the person of the revocation in writing by certified mail at his or her *address of record* as maintained by the department. . . . Notices of revocation shall inform the recipient thereof of his or her right to a formal hearing and specify the steps which must be taken in order to obtain a hearing.

RCW 46.65.065(1) (emphasis added).

■ The statute unequivocally directs DOL to send notice of the revocation to the driver's *address of record*. At the time of Dolson's revocation, RCW 46.20.205 provided that a licensee's address of record maintained by DOL could be changed only through written notification to DOL by the licensee. The statute has since been amended, but at the time DOL sent notice to Dolson, Washington law

required DOL to send the revocation notice to the address supplied by Dolson.[2]

As noted above, DOL sent Dolson's notice of revocation not to his address of record, but to his last known address. At the time of revocation, Dolson's address of record was his mother's residence. The Court of Appeals observed that DOL failed to follow the statutory mandate to send notification to Dolson's address of record. However, the court concluded that DOL's error did not violate Dolson's right to due process because DOL's notice procedure was reasonably calculated to inform Dolson of the revocation. The court remarked that, although the statute was "technically violated, the spirit of the statute was not." *State v. Dolson*, 91 Wn. App. 187, 194, 957 P.2d 243 (1998). Employing a "common sense analysis," the court held that because DOL's practice of sending notification to the licensee's last known address went above and beyond the statutory requirements, it did not offend constitutional due process requirements. *Id.* at 191.

The Court of Appeals is correct that there is no inherent constitutional problem with sending notice of license revocation to a licensee's last known address. In fact, prior to 1989, the Court of Appeals required DOL to search its records for a driver's last known address. *Baker*, 49 Wn. App. at 782. In *Baker*, the licensee did not receive notification of his license revocation because DOL relied on the address of record, rather than sending the notice to a more recent address contained in DOL files. The court held the revocation to be invalid, explaining that due process required DOL to search its records for the most recent address rather than relying on an old address of record. *Id. Baker*'s holding rests on the assumption that a notification sent to a driver's last known address is an effective means of notice.

---

[2]The Legislature has since amended the statute to allow the address of record to be updated both by the licensee and by "other means as designated by rule of the department." LAWS OF 1996, ch. 30, § 4. However, this new version of the statute is not at issue in this case. The version of RCW 46.20.205 in effect at the time of Dolson's revocation put the entire burden for updating the address of record on the licensee. All discussion of RCW 46.20.205 in this opinion refers to the 1990 version of the statute.

However, *Baker* was superceded by a 1989 amendment to RCW 46.20.205. Laws of 1989, ch. 337, § 6. The Legislature implicitly overruled *Baker* by requiring that modification by the licensee be the "exclusive means" for establishing the address of record. This court subsequently held in *State v. Rogers*, 127 Wn.2d 270, 280, 898 P.2d 294 (1995) that due process is satisfied when DOL sends notice to the licensee's address of record as supplied by the licensee. Thus, although the procedure approved in *Baker* is not inherently defective, this court must examine whether DOL's decision to send the revocation letter to Dolson's last known address was "reasonably calculated" to provide notice in light of the fact that it violated RCW 46.65.065, which mandates that notice be sent to the address of record.

Given that the Legislature has set out the exclusive means for notification, we conclude that DOL's repudiation of that procedure in favor of another was not reasonably calculated to provide notice. Under RCW 46.20.205, a driver has the responsibility to ensure that DOL's records of his address are correct. Along with this responsibility comes the assurance that DOL will rely upon the address of record for the mailing of all official documents. The statute affords licensees control over the notification process by giving them exclusive authority to establish and maintain the address of record. As amicus explains, this control is particularly important to low income people who may have difficulty establishing permanent housing. Br. of Amicus Curiae Public Defender Association at 11-12. A person experiencing such instability would rely on the "address of record" supplied to DOL, even if the person does not always reside at that address. Given the unequivocal mandate of RCW 46.20.205, a person would expect DOL to send all important documents to the address of record maintained by the licensee. Should DOL "update" its records based on information gleaned from a ticket or an arrest, a licensee would not know that the address of record had been changed. This would prevent the licensee from taking ap-

propriate steps to ensure that DOL had his correct address in its files.

Contrary to the Court of Appeals' conclusion, a notice procedure that contradicts a licensee's legal expectations cannot be reasonably calculated to provide notice. DOL's decision to send notification to an address other than the address of record did not comply with the spirit of the statute because it conflicted with the statutory objective to put control over the notification process in the hands of the licensee.

█ We must now address whether DOL's defective notice procedure rose to the level of a due process violation. This court analyzed the implication of a statutory violation by DOL in *State v. Storhoff*, 133 Wn.2d 523, 946 P.2d 783 (1997). In *Storhoff*, the petitioners challenged their convictions for driving with a revoked license and argued that the original notice of revocation was defective. The notices sent by DOL incorrectly stated that the petitioners had 10 days to appeal the revocation, rather than the 15 allowed by law. The notices also failed to cite the subsection of the RCW where the time limitation for challenging the revocation could be found. *Storhoff*, 133 Wn.2d at 526. This court held that minor procedural errors do not necessarily rise to the level of due process violations unless the errors actually deprive a person of his opportunity to be heard. *Id.* at 532. The court concluded that petitioners Storhoff and Oropesa were not prejudiced by the errors because they had never received the faulty notification due to the fact that they had failed to update their addresses of record with DOL. Accordingly, we dismissed their claims. However, we remanded petitioner Tucker's claim to allow him an opportunity to prove that, but for the notification error, he would have requested a hearing. We did not require Tucker to show that he would have prevailed at that hearing. *Id.*

*Storhoff* stands for the proposition that a revocation is invalid only if DOL's notice of revocation is faulty and this error prevents a licensee from requesting a hearing. In this case, DOL failed to send notification to Dolson's address of record as required by statute and instead sent notification

to an address obtained from a ticket issued to Dolson in 1989. Dolson never received the official notice informing him of his right to appeal the revocation. Under *Storhoff*, Dolson's due process rights were violated if the faulty notice precluded him from requesting a hearing within the statutorily mandated time. Thus, in order to determine whether Dolson's due process rights were violated, we must decide whether the defect was merely procedural, or whether the error served to deprive Dolson of notice of the revocation.

The State argues that Dolson was not prejudiced by the defective notification procedure because Dolson had constructive knowledge of the revocation. The Washington Habitual Traffic Offenders Act, RCW 46.65, makes license revocation mandatory when a person is convicted of three or more serious traffic offenses within a five-year period. RCW 46.65.020(1). Because Dolson is presumed to know the law, the State contends that he should have known that his license had been revoked after his three convictions.

In making this argument, the State relies heavily on *State v. Vahl*, 56 Wn. App. 603, 609, 784 P.2d 1280 (1990). In that case, DOL adjudged Vahl to be a habitual traffic offender and revoked her license. Although DOL sent notice of the revocation and the hearing process to her official address as required by statute, Vahl never received it because she refused to pick up her certified mail. The court held that a defendant may not avoid license revocation by simply refusing to claim her certified mail. Although Vahl did not have actual notice of the revocation, the court held that constructive notice satisfied the statutory notice requirement. *Vahl*, 56 Wn. App. at 610.

*Vahl* is inapposite here. In *Vahl*, DOL followed the required statutory procedure and any lack of actual notice to Vahl was the result of her own refusal to receive her certified mail. In contrast, DOL violated the statute in this case. Dolson's actions did not prevent effective notice.

The State also asserts that Dolson was not prejudiced because Dolson had actual knowledge of his license revoca-

tion at the time of his 1996 arrest for driving with a revoked license. The State points out that Dolson had been convicted of driving without a license on three separate occasions since the 1990 revocation. The State argues that these convictions demonstrate that Dolson had actual knowledge of the underlying 1990 revocation. Given that Dolson had actual knowledge of the 1990 revocation, the State contends that Dolson should not now be allowed to challenge his 1996 conviction on the grounds that he did not receive proper notice that his license had been revoked.

The State's argument that Dolson was not prejudiced because he had actual and constructive knowledge of the revocation misses the thrust of Dolson's due process claim. Clearly, in light of his prior convictions, Dolson knew in 1996 that he did not possess a valid driver's license. He thus had both actual and constructive notice of the revocation. However, the due process defect at issue here is the deprivation of his right *to a hearing*, not the lack of notice of the fact of revocation. By law, Dolson had 15 days to appeal the revocation. RCW 46.65.065. Because of DOL's error, Dolson never received notice of nor exercised his right to request a hearing. Due process requires the opportunity to be heard. *Bell v. Burson*, 402 U.S. 535, 539-40, 91 S. Ct. 1586, 29 L. Ed. 2d 90 (1971). Where due process is not satisfied *prior to* a license revocation, the underlying revocation or suspension is void. *Baker*, 49 Wn. App. at 780. Thus, the appropriate inquiry is whether, prior to revocation, DOL took reasonable steps to inform Dolson of his right to a hearing. The fact that Dolson later gained actual knowledge of the revocation does not affect our analysis. If Dolson was deprived of his right to a hearing at the time of the 1990 revocation, the revocation violated Dolson's constitutional right to due process and was invalid. An invalid revocation cannot later support a conviction for driving with a revoked license, even if Dolson had knowledge of the underlying revocation.

## CONCLUSION

Where due process is not satisfied, a license revocation is

invalid. Under *State v. Storhoff*, 133 Wn.2d 523, 946 P.2d 783 (1997), technical violations of the notice statute do not necessarily invalidate a license revocation. However, when the defect is such that it deprives a licensee of the right to be heard, the error abrogates the licensee's right to due process. DOL violated former RCW 46.20.205 when it employed an alternate means of notifying Dolson that his license was revoked. This error was more than a mere technical violation of the statute. Because Dolson did not receive notice at his address of record, he was never given the opportunity to exercise his due process right to request a hearing to challenge the revocation. When a revocation proceeding fails to satisfy due process requirements, the underlying revocation is invalid. Because Dolson's license revocation is void, his subsequent conviction for driving with a suspended license cannot stand. We accordingly reverse Dolson's conviction.

GUY, C.J., and SMITH, JOHNSON, MADSEN, ALEXANDER, TAL-MADGE, SANDERS, and IRELAND, JJ., concur.