[No. 72599-3.   En Banc.]
Argued February 13, 2003.     Decided June 12, 2003.

THE CITY OF REDMOND, *Petitioner*, v. JUAN ARROYO-MURILLO, *Respondent.*

608

*Richard L. Mitchell, City Attorney,* for petitioner.

*Donna K. Tucker* (of *Tucker & Stein, Inc., P.S.*), for respondent.

BRIDGE, J. — The City of Redmond (City) challenges a superior court decision holding that due process is not satisfied when the Department of Licensing (DOL) mails a license revocation notice to an address obtained from a traffic ticket rather than the address provided to the DOL by the license holder. RCW 46.20.205 requires the holder of a driver's license to notify the DOL of an address change, but also allows the DOL to change a license holder's address by "other means as designated by rule of the department." RCW 46.20.205(1). Due process requires that the holder of a driver's license be given notice and an opportunity for a hearing prior to revocation. *Bell v. Burson,* 402 U.S. 535, 542, 91 S. Ct. 1586, 29 L. Ed. 2d 90 (1971). The superior court upheld the district court's dismissal of the charges, finding that mailing the notice to an address other than the one provided by the license holder did not comply with due process as set forth in *State v. Dolson,* 138 Wn.2d 773, 982 P.2d 100 (1999). We reverse.

I

In February 1998, the DOL revoked Juan Arroyo-Murillo's driver's license for five years on the grounds that

he was a habitual traffic offender. The DOL notified Arroyo-Murillo by sending him an order of revocation and a hearing request form. The DOL sent the documents to Arroyo-Murillo's address of record,[1] 921 139th Avenue NE, #A4-115, Bellevue, WA 98005 (the "921" address), by certified mail. The notification was signed for at the "921" address, but the parties disagree over the legibility of the signature, with the City maintaining that it reads "Veronica Arroyo" and Arroyo-Murillo arguing that it is illegible.[2]

The DOL had obtained the "921" address and updated its records accordingly based on a traffic ticket dated May 27, 1997, that was issued to Arroyo-Murillo and forwarded to the DOL by the King County District Court, Bellevue Division.[3] Arroyo-Murillo signed the ticket, but the box entitled "new address" was not checked. Prior to this incident, Arroyo-Murillo's address of record was based on the identicard application that he submitted to the DOL, which listed his address as 15500 NE 11th Street, #D312, Bellevue, WA 98007 (the "155" address). When the DOL revoked his license, it sent the order of revocation only to the "921" address. The record does not indicate whether Arroyo-Murillo in fact received the notice.[4]

---

[1] The address of record is the address that the DOL has on file for a license holder in its records. *See Dolson*, 138 Wn.2d at 776 (stating that the address of record is the official address as maintained by the DOL).

[2] According to the record before this court, the parties did not address this issue at oral argument before the district court. Although the City asserted in its superior court brief that the notice was received by Veronica Arroyo, Arroyo-Murillo did not address the issue in his brief. However, in his brief to this court, he now contests the issue, asserting that the signature is illegible. Regardless of who signed for the notice at the "921" address, it is clear that someone received it, as it was not returned to the DOL as undeliverable. Thus, whether or not the notice was signed for by someone bearing the last name "Arroyo," Arroyo-Murillo may have received it.

[3] It is unclear from the record whether Arroyo-Murillo told the officer who issued the ticket that the "921" address was his current address. Even if he did not provide it, he signed the ticket, therefore attesting that it was his correct address.

[4] Before this court, Arroyo-Murillo asserted that he did not receive the notice and that he had argued accordingly before both the district and superior courts. However, there is no evidence in the record that Arroyo-Murillo presented this

On March 4, 2001, Arroyo-Murillo was stopped by a police officer for failing to signal a lane change. Upon checking his driver's license, the officer saw that his license had been revoked by the DOL. The officer cited him and the City of Redmond later charged him with driving while license suspended/revoked in the first degree.

A bench trial was held before the Honorable David S. Admire in King County District Court, Northeast Division, on August 14, 2001. Arroyo-Murillo argued that his due process rights were violated because the DOL sent notice of the revocation only to the "921" address, which the DOL had obtained from the 1997 traffic ticket. Arroyo-Murillo asserted that the order should have been sent to both the "921" and the "155" addresses in order to comply with due process. Judge Admire agreed and dismissed the charge.

The City appealed to the King County Superior Court. On May 3, 2002, the Honorable Douglass A. North affirmed the trial court's dismissal of the case. In its entirety, Judge North's opinion reads:

> The trial court properly held that the revocation notice mailed by [DOL] to an address other than the one provided by the defendant pursuant to RCW 46.20.205 did not comply with due process as set forth in *Dolson*. The evidence showed that the notice was mailed to an address other than the one provided by the Defendant. The burden was then upon the City to prove that the driver received the notice even though the [DOL] was authorized by WAC 308-104-018 to update the driver's address of record by other means. The court finds WAC 308-104-018 inconsistent with RCW 46.20.205 as interpreted by *Dolson*.

Clerk's Papers (CP) at 17.

---

argument to the district court. In his brief to the superior court, Arroyo-Murillo stated that "any evidence about whether or not Mr. Arroyo-Murillo did or did not receive the notice of revocation is unknown." Clerk's Papers at 16. According to his superior court brief, the uncertainty regarding the receipt of notice is a result of the fact that the City requested only a partial transcript of the district court proceedings, which does not include any witness testimony. If Arroyo-Murillo wished to have more of the record available for this court's consideration, he could have so requested pursuant to RAP 9.6(a).

The City filed a motion in this court for direct discretionary review pursuant to RAP 4.2(a), which was granted on October 4, 2002.

## II

■■ A driver's license cannot be revoked without due process of law. *Dolson*, 138 Wn.2d at 776-77 (citing *Bell*, 402 U.S. 535). Due process requires that the license holder be given notice and an opportunity to be heard prior to the revocation. *Dolson*, 138 Wn.2d at 777; *State v. Rogers*, 127 Wn.2d 270, 275, 898 P.2d 294 (1995). The notice must be "reasonably calculated to inform the affected [sic] party of the pending action and of the opportunity to object." *Dolson*, 138 Wn.2d at 777. The State bears the burden of proving that the revocation complied with due process. *Id*. If the revocation does not comply with due process, it is void. *Id*.

### *Statutory Requirements*

■■■ The legislature has codified the constitutional due process requirements with regard to license revocations for habitual offenders in RCW 46.65.065:

> Whenever a person's driving record, as maintained by the department, brings him or her within the definition of an habitual traffic offender, as defined in RCW 46.65.020, the department shall forthwith notify the person of the revocation in writing by certified mail at his or her address of record as maintained by the department.

RCW 46.65.065(1). A driver's address of record is maintained by the DOL pursuant to RCW 46.20.205, which requires the holder of a driver's license or identicard to notify the DOL of an address change within 10 days. RCW 46.20.205(1) further states: "The written notification, *or other means as designated by rule of the department,* is the exclusive means by which the address of record maintained by the department concerning the licensee or identicard

holder may be changed." (Emphasis added.)[5] The applicable department rule provides that the DOL may change a license holder's address of record upon:

> (b) Receipt of written documentation or electronic communication concerning the driver or identicard holder, where such documentation or communication includes an address that differs from the one maintained by department and is:
>
> (i) Signed by the driver or identicard holder;
>
> (ii) Filed at the request of the driver or identicard holder;
>
> (iii) Filed by a public official or governmental agency.

WAC 308-104-018(1). Neither the RCW nor the WAC requires the DOL to notify the license holder when it updates an address of record pursuant to WAC 308-104-018. Furthermore, RCW 46.20.205(1)(b) provides that a revocation notice sent to a license holder's address of record is effective even if the license holder does not receive it.

■ The City argues that there was no due process violation because the DOL complied with the statutory requirements by sending notification of Arroyo-Murillo's license revocation to his address of record as required by RCW 46.65.065. Pursuant to RCW 46.20.205 and WAC 308-104-018, the DOL was authorized to update Arroyo-Murillo's address based on the traffic ticket because it was written documentation that was signed by the driver and it was filed by a governmental agency, the King County District Court. Furthermore, because Arroyo-Murillo signed the traffic ticket listing his address as the "921" address, he averred that it was his correct address.

■■ Arroyo-Murillo claims his due process rights were violated because the DOL sent the notice of his license revocation and opportunity for a hearing to an address other than the one that he provided to the DOL on his identicard application. Not only did he not provide the "921"

---

[5] The italicized language was added in 1996. RCWA 46.20.205 **Historical and Statutory Notes**, "Severability—**Effective date—1994**" at 355 (West 2001). Before that, written notification by the driver was the sole means by which an address of record could be updated.

address to the DOL as his current address, he argues, but he had specifically changed his address from the "921" to the "155" address with the DOL in August 1996, when he applied for his identicard. He implies that the DOL should have known that the "921" address was incorrect since he had changed it once in the past. When the DOL received the 1997 traffic ticket, it changed his address back to the "921" address without notifying Arroyo-Murillo of the change. Arroyo-Murillo argues that in order to comply with due process, the DOL should have mailed the revocation notice to both addresses.

The district court agreed, dismissing the charges against Arroyo-Murillo. The superior court upheld the district court, stating that "the revocation notice mailed by [DOL] to an address other than the one provided by the defendant pursuant to RCW 46.20.205 did not comply with due process as set forth in *Dolson*." CP at 17. However, *Dolson* did not hold that due process requires notice to be sent to the address provided by the license holder, nor have any other cases from this court so held.

Like Arroyo-Murillo, Dolson defended the charge of driving while his license was suspended by arguing that the DOL had violated due process by sending notification of the revocation to the wrong address. *Dolson*, 138 Wn.2d at 776. The DOL sent the notice to an address obtained from a traffic ticket, which was not the address listed on Dolson's driver's license. *Id.* Nor was it Dolson's official address of record according to DOL records. *Id.* This court held that the DOL was required to follow the statutory procedure set forth by the legislature, which at the time required the DOL to rely on the address provided by the license holder. *Id.* at 779.

*Dolson* is distinguishable from the case at bar. When Dolson's license was revoked, RCW 46.20.205 provided that the only way for a license holder's address of record to be updated was by written notification from the license holder. *Id.* at 777. As discussed above, RCW 46.20.205 now provides that an address of record may be updated by the

licensee *or* by DOL rule. The *Dolson* court found a due process violation because the DOL failed to comply with the statute as enacted at the time of the revocation, stating:

> [A] notice procedure that contradicts a licensee's legal expectations cannot be reasonably calculated to provide notice. DOL's decision to send notification to an address other than the address of record did not comply with the spirit of the statute because it conflicted with the statutory objective to put control over the notification process in the hands of the licensee.

*Id*. at 780. In contrast, when the DOL mailed the notice to Arroyo-Murillo's address as updated from the traffic ticket, it was complying with the statute and the WAC as they now read.[6]

Neither the district nor the superior court found that the DOL failed to comply with the statutory requirements. The superior court found that even though the DOL mailed the revocation notice to Arroyo-Murillo's address of record, it did not comply with due process as established in *Dolson* because the notice was not mailed to the address provided by Arroyo-Murillo. The superior court apparently views the holding of *Dolson* to be that the DOL must send the notice to the address provided by the license holder in order to comply with due process. However, *Dolson* held that the DOL cannot reject the notification procedure established by the legislature, not that any particular notice procedure must be followed to comply with due process. *Dolson*, 138 Wn.2d at 779. In fact, the *Dolson* court stated that "there is no inherent constitutional problem with sending notice of license revocation to a licensee's last known address." *Id*. at 778.

The superior court's decision failed to take account of the legislature's revision to RCW 46.20.205. As discussed above, *Dolson* was decided under the statute before it was

---

[6] *Dolson* is also distinguishable from the case at bar because in *Dolson* it was clear that the license holder did not receive the notice as it was returned to the DOL marked " 'Not Deliverable as Addressed, UNABLE TO FORWARD.' " *Dolson*, 138 Wn.2d at 776. The notice sent to Arroyo-Murillo, in contrast, was signed for and accepted by someone at the "921" address.

amended to include the phrase "or other means as designated by rule of the department." RCW 46.20.205(1). This additional phrase now allows the DOL to change an address of record by a means other than the written notice of the license holder. Therefore, according to the *Dolson* court's holding, there is no due process violation because the DOL complied with the statutory requirements when it sent the notice to Arroyo-Murillo's address of record as updated by the DOL based on the traffic ticket.

When it revised RCW 46.20.205, the legislature chose to give the DOL the discretion to update a license holder's address of record according to department rule. In determining the meaning and scope of a statute, it is this court's obligation to determine and carry out the intent of the legislature. *State v. Chester*, 133 Wn.2d 15, 21, 940 P.2d 1374 (1997). Here, RCW 46.65.065 clearly states that revocation notices are to be sent to the license holder's address of record while RCW 46.20.205 provides that the address of record must be obtained from the license holder or by other means as specified by department rule. There is nothing in either of these statutes that requires the DOL to send the notice to addresses other than the address of record. We assume the legislature meant what it said when it provided that a license holder's address of record could be updated by DOL rule.[7]

In sum, the *Dolson* court held that notice that does not follow the procedure mandated by statute is defective, not that all notices sent to a license holder's last known address violate due process. Here, the DOL complied with the statutory requirements. We therefore reverse the superior court's holding that WAC 308-104-018 conflicts with RCW 46.20.205 as interpreted by *Dolson*.

*Constitutional Requirements*

Even if an agency complies with the statutory require-

---

[7] Nor does Arroyo-Murillo make any argument in his briefs that WAC 308-104--018 is ultra vires. In fact, at oral argument, his attorney conceded that it was within DOL's authority to promulgate such a rule under RCW 46.20.205.

ments, a license holder may bring a constitutional challenge to a statute on due process grounds. However, Arroyo-Murillo does not present the necessary argument that either WAC 308-104-018 or RCW 46.20.205 is unconstitutional. In fact, when questioned at oral argument, Arroyo-Murillo's attorney conceded that neither the regulation nor the statute violates constitutional due process requirements.[8]

Nevertheless, Arroyo-Murillo asserts that sending notice only to his last known address did not amount to providing notice reasonably calculated to inform him of the revocation and right to a hearing. In *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 94 L. Ed. 865 (1950), the United States Supreme Court stated that "[a]n elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." In *Mullane*, the notice given was not reasonably calculated to inform the known beneficiaries of a trust because it was published in a newspaper rather than being sent to their known places of residence. *Id.* at 319-20.

In support of his position, Arroyo-Murillo argues that the *Dolson* court held that notice sent to an address on a traffic ticket was not reasonably calculated to provide notice. As discussed above, this is a misstatement of the holding, as *Dolson* held that notice that fails to follow the notification procedure established by the legislature is not reasonably calculated to provide notice. *Dolson*, 138 Wn.2d at 779.

---

[8] Arroyo-Murillo also fails to raise an as applied challenge by arguing that the DOL's notice procedure was defective in his case. In *State v. Smith*, 144 Wn.2d 665, 677, 30 P.3d 1245, 39 P.3d 294 (2001), this court stated: "[T]o establish a violation of due process, the defendant must at least allege DOL failed to comply with the statute and this failure deprived the defendant of notice or the opportunity to be heard." *See also State v. Storhoff*, 133 Wn.2d 523, 527-28, 946 P.2d 783 (1997). Here, Arroyo-Murillo failed to allege to either the district or superior court that he did not receive the notice. In contrast to *Dolson*, the notice that was sent to the "921" address was not returned to the DOL as undeliverable; rather, it was signed for by someone at that address. Thus, it is possible that Arroyo-Murillo received it.

Arroyo-Murillo also cites *State v. Baker*, 49 Wn. App. 778, 782, 745 P.2d 1335 (1987), in which the Court of Appeals held that sending notice to the address provided by the license holder was inadequate when the DOL was aware of a more recent address due to a traffic ticket. Applying a balancing test, the court stated: "Mr. Baker's interest outweighs the small inconvenience to the Department in reviewing his file and sending notices, at a minimum, to the most recent address listed on any of the papers in its possession, as well as to the original address provided by him." *Id.* However, *Baker* did not hold that sending notices to both addresses was constitutionally required. When *Baker* was decided, RCW 46.20.205 did not allow the DOL to update a license holder's address of record by department rule. Thus, it makes sense that the *Baker* court would require the notices to be sent to both addresses since the DOL could not have updated a driver's address of record based on the current information. Further, although the inconvenience of sending multiple notices to one license holder may be minimal, the cumulative effect of requiring the DOL to do so for all revocation notices would be onerous.

RCW 46.65.065 specifies that the notice must be sent to the driver's address of record. Considering the means by which the address of record can be updated, it can be argued that this does not constitute notice reasonably calculated to reach the license holder as required by *Mullane*. The *Dolson* court discussed the importance to license holders, particularly transient ones, of being able to rely on the DOL maintaining the addresses provided by them as their addresses of record. 138 Wn.2d at 779. Because a driver's address of record can be updated under WAC 308-104-018 by the DOL without any request by or notice to the driver, drivers cannot be sure what address the DOL will use for its mailings. Drivers also cannot control which address the DOL chooses to keep on file, except by using their permanent addresses in all transactions. As a practical matter, some people do not always do so, as in the case of students or those without stable residences.

On the other hand, when it revised RCW 46.20.205 to allow the DOL to update drivers' addresses of record by department rule, the legislature presumably weighed the costs and benefits and decided in favor of allowing the DOL to exercise some discretion in this matter. Under RCW 46.01.030(3), the DOL is responsible for maintaining correct and current driver records, and the legislature may have concluded that allowing the DOL to use some common sense to increase accuracy was warranted. As the City argues, it is reasonable for the legislature to have granted the DOL discretion in this matter, as license holders often fail to notify the DOL of their address changes when they move and fail to renew their licenses after they expire. In many cases, perhaps even in most cases, notice will be more likely to reach the license holder if sent to an address obtained from an outside source rather than to the address provided by the license holder. We therefore hold that allowing the DOL to update addresses based on certain reliable evidence that it receives is in fact reasonably calculated to provide notice as required by due process.

## III

The superior court has misinterpreted our holding in *Dolson*. In *Dolson*, we held that notice that does not follow the statutory requirements is not reasonably calculated to provide notice and therefore fails to satisfy due process requirements. We did not, however, hold that notice sent to the license holder's last known address is constitutionally defective. Accordingly, we now hold that notice sent to a license holder's last known address provides notice reasonably calculated to advise the license holder. We therefore reverse the superior court's dismissal of the charges and remand to the King County District Court, Northeast Division, for trial.

ALEXANDER, C.J., and JOHNSON, MADSEN, IRELAND, OWENS, and FAIRHURST, JJ., concur.

CHAMBERS, J. (concurring) — I concur with the majority in result. Juan Arroyo-Murillo got what process was due. However, I write separately to point out that the regulation at issue does not meet the statutory requirements.[9]

As the majority rightly rules, "A driver's license cannot be revoked without due process of law." Majority at 612 (citing *State v. Dolson*, 138 Wn.2d 773, 776-77, 982 P.2d 100 (1999)). The irreducible core of procedural due process is meaningful notice and meaningful opportunity to comment. *Dolson*, 138 Wn.2d at 777; *State v. Smith*, 144 Wn.2d 665, 677, 30 P.3d 1245, 39 P.3d 294 (2001). I agree with the majority that " 'there is no inherent constitutional problem with sending notice of license revocation to a licensee's last known address.' " Majority at 615 (quoting *Dolson*, 138 Wn.2d at 778). Further, I agree that the Department of Licensing (DOL) did not violate due process by updating its data bank with addresses provided by drivers. *But cf. Dolson*, 138 Wn.2d at 779.

I write separately because DOL's rule does not comply with the statute, read as a whole. The statute says in relevant part:

(1) Whenever any person after applying for or receiving a driver's license or identicard moves from the address named in the application or in the license or identicard issued to him or her, the person shall within ten days thereafter notify the department of the address change. The notification must be in writing on a form provided by the department and must include the number of the person's driver's license. The written notification, or other means as designated by rule of the department, is the exclusive means by which the address of record maintained by the department concerning the licensee or identicard holder may be changed.

(a) *The form must contain a place for the person to indicate that the address change is not for voting purposes.*

---

[9] I recognize that this is not squarely before this court because appellate counsel conceded the department's authority to promulgate WAC 308-104-018 under RCW 46.20.205. However, we may consider such issues even when not raised by the parties if we deem it appropriate to reach a proper decision. *See Alverado v. Wash. Pub. Power Supply Sys.*, 111 Wn.2d 424, 429, 759 P.2d 427 (1988) (citing *Siegler v. Kuhlman*, 81 Wn.2d 448, 502 P.2d 1181 (1972)).

RCW 46.20.205(1) (emphasis added). Fairly read, RCW 46.20.205 authorized DOL to promulgate new ways for the public to notify DOL of address changes. Likely, the 1996 legislature was paving the way for rules that would allow Washington residents to use the Internet for such purposes. *Cf.* WAC 308-104-018(1)(b). However, a citation is not a form containing a "place for the person to indicate that the address change is not for voting purposes." Therefore, it does not comply with the statute.

How to notify licensees that the State intends to suspend their licenses has been the subject of ongoing dispute. At one point, Washington courts required DOL to make a searching inquiry of its records for the most recent address. *See, e.g., State v. Baker*, 49 Wn. App. 778, 781, 745 P.2d 1335 (1987). The legislature implicitly disapproved of this approach by declaring as a matter of law that the licensee would be deemed to have received notice mailed to the address of record. Laws of 1989, ch. 337, § 6, *codified as* RCW 46.20.205. The law then was very clear. "[T]he exclusive means by which the address of record maintained by the department concerning the licensee . . . may be changed" was in a writing "on a form provided by the department." *Id.* The 1996 legislature gave DOL more flexibility in data collection. Laws of 1996, ch. 30, § 4. However, the 1996 legislature did not change the other requirements imposed on the agency in data collection. The 1996 change does nothing to change the underlying obligation on the citizen to provide the address of record through some positive, knowing act. And given that the legislature had effectively overruled a case that required DOL to send notice to the address on a traffic citation if it was the last known address, it would be somewhat surprising that they would then allow the agency to do the very thing it discouraged them from doing previously.

In this case, I find no due process violation because, again, the core of due process is the notice and opportunity to comment. The notice was sent to and signed for at an address provided by Arroyo-Murillo. He must do more than

simply allege he did not receive the notice to put due process in play. *Smith*, 144 Wn.2d at 677.

Therefore, I respectfully concur.

SANDERS, J., concurs with CHAMBERS, J.