110 P.3d 237 (2005)
126 Wash.App. 941
Thomas W. DEVINE, Appellant,
v.
STATE of Washington, DEPARTMENT OF LICENSING, Respondent.
No. 52380-5-I.
Court of Appeals of Washington, Division 1.
April 18, 2005.
*238 Scott Emmett Wonder, Goddard Wetherall Wonder & Padula, Bellevue, WA, for Appellant.
Masako Kanazawa, Attorney at Law, Seattle, WA, for Respondent.
BECKER, J.
¶ 1 The Department of Licensing failed to provide Appellant Devine a hearing before the revocation of his driver's license took effect, even though he timely requested one. This was a violation of his statutory right to due process. The Department offered a hearing more than four months after the license revocation went into effect. Because a belated hearing was not an adequate remedy at law, the trial court should have granted Devine's request for a writ of review and dismissed the revocation.

*239 FACTS
¶ 2 A police officer arrested Thomas Devine in the early morning hours of September 3, 2002, for driving under the influence. The officer took Devine to a police station and administered a breath test, but the machine malfunctioned. It failed to print out any results, rendering the test inconclusive.
¶ 3 One consequence of a breath test showing the driver to be over the legal limit is administrative revocation of the driving privilege by the Department of Licensing. Before a revocation takes effect, however, the Department must afford the driver the opportunity for a hearing. Washington's implied consent statute directs the officer to serve the driver with a written notice of the Department's intent to suspend or revoke the driver's license. The notice, called a driver's hearing request form, specifies the steps the driver must take to obtain a hearing. RCW 46.20.308(6)(a) and (b).
¶ 4 Customarily, officers serve the driver with the required notice on the day of the arrest.[1] But in this case, because the results of the breath test were inconclusive without the printout, the arresting officer did not provide Devine with the hearing request form while he was still at the police station. Later that day, a technician was able to print out the results of the test. The results showed that Devine was over the legal limit.[2]
¶ 5 The officer immediately faxed a copy of the breath test document to the Department of Licensing, as required by RCW 46.20.308(6)(e). He then twice went to Devine's residence to deliver the driver's hearing request form and the breath test document. Unable to make personal contact with Devine, the officer sent the paperwork to him in the mail. Devine received it on September 6, 2002, three days after his arrest.
¶ 6 By statute, an administrative revocation of a driver's license is not effective until "sixty days from the date of arrest ..., or when sustained at a hearing pursuant to subsection (8) of this section, whichever occurs first." RCW 46.20.308(7).[3] To obtain a hearing, the driver must make a written request within thirty days "after the notice has been given." RCW 46.20.308(8).[4] The form sent to Devine by the police accurately stated that to obtain a hearing, he had to mail in a written request postmarked within 30 days after "receipt of this notice."[5] The Department of Licensinghaving received the form faxed in by the policealso sent Devine an order advising him of the license revocation and confirming his right to a hearing. This order of revocation, dated September 9, 2002, inaccurately stated that his request for a hearing "must be postmarked or received by DOL within 30 days of the arrest...."[6]
¶ 7 Devine mailed a request for a hearing on October 7, 2002. This was the 30th day after he received notice of the right to a hearing (as calculated under RCW 1.12.040). *240 Therefore, it was a timely request. But the Department denied Devine's request for a hearing as untimely by letter dated October 15, 2002. "Our records indicate your request was to be postmarked no later than 10-3-2002. Your request was not postmarked until 10-7-2002."[7]
¶ 8 The Department did not afford Devine a hearing, and the Department's order revoking Devine's license went into effect as scheduled on November 3, 2002.
¶ 9 Counsel for Devine later declared that on November 6 through 8, he spoke several times by telephone with representatives of the Department, insisting that Devine had made a timely request for a hearing.[8] His efforts were to no avail. According to counsel, these departmental representatives insisted upon enforcing a departmental regulation which provided that a request for hearing is untimely if not postmarked within 30 days of arrest:
Requests for hearings. The request for a hearing shall be in compliance with the following requirements:
(1) The petitioner must file his or her formal request for hearing:
(a) Within thirty days of arrest if the petitioner submitted to a breath test ...
WAC 308-103-040(1)(a).
¶10 On March 6, 2003, Devine filed a writ action in King County Superior Court asking the court to stay the revocation of his license and to issue a writ prohibiting the Department from suspending his driving privilege. He alleged the unconstitutionality of WAC 308-103-040(1)(a) and asked the court to invalidate it as conflicting with RCW 46.20.308(8). He alleged that he had no adequate remedy at law: "Quite simply, there is no way to appeal a DOL determination denying a driver an RCW 46.20.308 hearing."[9] And he further alleged that the denial of his statutory right to a hearing was a violation of procedural due process, rendering the revocation void.[10]
¶ 11 The next day, the Department sent Devine a letter offering to grant him an administrative hearing to challenge the revocation, and to stay the license revocation pending the hearing, "PROVIDED that Mr. Devine waives any arguments regarding the Department's initial denial of the hearing."[11] Devine did not accept this conditional offer. Devine and the Department exchanged telephone calls, correspondence, and pleadings. Eventually, the Department unconditionally offered Devine a hearing with an automatic stay.[12] Informed of this development, the court concluded that the Department had provided an adequate remedy at law, and denied the writ on April 22, 2003. Devine filed a notice of appeal to this court.
¶ 12 Meanwhile, at the end of May, the Department conducted a hearing.[13] Devine prevailed. A hearing officer dismissed the revocation in July 2003 on a basis unrelated to the present controversy about the timing of Devine's hearing requestthere was insufficient evidence to show the testing officer had complied with Washington Administrative Code procedural requirements before administering the test.
¶ 13 Devine appeals the trial court's denial of the writ and the court's failure to award him attorney fees and costs under the Equal Access to Justice Act.

MOOTNESS
¶ 14 The Department moved to dismiss the appeal as moot, arguing that there is no longer any purpose to issuance of a writ *241 because Devine has already obtained a hearing and has successfully contested his license revocation. We denied this motion. As is apparent from the facts of Devine's case, the Department does not have a procedural mechanism for addressing an error in determining the deadline for requesting a hearing. Although the Department has now amended its conflicting regulation[14], there is still a likely recurring issue of continuing public interest about whether revocation proceedings must be dismissed when a driver timely requests a pre-revocation hearing and the Department fails to provide one. The parties are genuinely adverse, the level of advocacy is high, and the issue is likely to evade review because the facts of the controversy are short-lived. See Westerman v. Cary, 125 Wash.2d 277, 286-87, 892 P.2d 1067 (1994). Moreover, in Devine's particular case there remains an issue about his entitlement to attorney fees.

DENIAL OF WRIT
¶ 15 Devine applied for three different writsthe writ of certiorari, the writ of mandamus, and the writ of prohibition. The Department contends that Devine did not satisfy the statutory criteria for issuance of any of these writs. We conclude, however, that he appropriately sought a writ of certiorari. This writ, also called the writ of review, is available when an officer exercising a judicial function has acted illegally, "or to correct any erroneous or void proceeding," where there is no appeal "nor in the judgment of the court, any plain, speedy, and adequate remedy at law." RCW 7.16.040. Correcting errors of law is the function of the writ of review. Seattle v. Keene, 108 Wash. App. 630, 639-40, 31 P.3d 1234 (2001).
¶ 16 When Devine filed his petition for a writ, the Department had committed a clear error of law by revoking his license without first granting his timely request for a hearing. There was no formal procedure for appealing that decision, and no other remedy for the loss of his driving privilege. Thus, Devine's petition for the writ of certiorari was an appropriate procedure for requesting review.
¶ 17 By the time the court was ready to rule on Devine's petition, the Department had offered him a belated, post-revocation hearing with no strings attached. The Department contended, and the trial court agreed, that this was an adequate remedy at law. The primary issue on appeal is whether the court erred in so concluding. The determination whether a "plain, speedy, and adequate remedy at law" exists is reviewed for abuse of discretion. See Snohomish County v. State Shorelines Hearings Bd., 108 Wash. App. 781, 785, 32 P.3d 1034 (2001).
¶ 18 The statute provides that the hearing, if timely requested, "shall be held" within 60 days following the arrest, "unless otherwise agreed to by the department and the person, in which case the action by the department shall be stayed...." RCW 46.20.308(8).
¶ 19 Devine contends the remedy was inadequate because the statute entitles him to a pre-revocation hearing, not a post-revocation hearing. Due to the Department's refusal to grant Devine a hearing, there was a period of several months, beginning on November 3, 2002, during which his driver's license was improperly revoked. The post-revocation hearing could not restore his license during that period. According to Devine's declaration, he works in the construction industry erecting cell phone towers, and the lack of a driver's license caused him substantial financial injury.[15] Devine contends that the appropriate remedy to correct the Department's error of law was to dismiss the revocation outright.
¶ 20 The Department contends that the 60-day time limit for holding hearings is not a jurisdictional mandate. The Department argues that a per se rule automatically requiring dismissal of the revocation whenever a hearing does not occur within the statutory time limit would frustrate the statutory policy *242 against drunk driving. According to the Department, the word "shall" in the statute should be interpreted as directory rather than mandatory. Thus, the Department takes the position that providing a hearing six months after the arrest is an adequate remedy for the Department's refusal, due to a counting error, to hold a hearing that occurs within 60 days. The court agreed, and ruled that "the failure of the administrative hearing to occur within 60 days of the arrest does not mandate dismissal of the revocation under the facts of this case".[16]
¶ 21 It is unnecessary for us to interpret the word "shall" or to decide whether the Department exceeded its jurisdiction in holding a hearing after the expiration of the statutory 60-day time period.[17] We resolve the adequacy of the remedy on due process grounds.
¶ 22 A driver's license represents an important property interest and cannot be revoked without due process of law. Bell v. Burson, 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971). Due process requires both notice and the opportunity to be heard. In a prosecution for driving with a revoked license, the State has the burden to prove that the revocation of the defendant's license complied with due process. State v. Dolson, 138 Wash.2d 773, 777, 982 P.2d 100 (1999) (superseded on other grounds by statute as stated in City of Redmond v. Arroyo-Murillo, 149 Wash.2d 607, 614-16, 70 P.3d 947 (2003)).
¶ 23 As the Department demonstrates by citation to Supreme Court cases, due process does not intrinsically require a pre-revocation hearing. Mackey v. Montrym, 443 U.S. 1, 99 S.Ct. 2612, 61 L.Ed.2d 321 (1979); Dixon v. Love, 431 U.S. 105, 97 S.Ct. 1723, 52 L.Ed.2d 172 (1977) (upholding, against due process challenges, statutes that suspend a person's license without a prior hearing.) But these cases are inapposite because they address statutory schemes that do not provide for a pre-revocation hearing. In Dolson, our Supreme Court considered and rejected an argument that due process could be satisfied without following the relevant statute. In that case, the Department sent notice of revocation to the licensee's last known address, despite a statute requiring notice to be sent to the address of record. The court acknowledged that there was no inherent constitutional problem in the means of providing notice chosen by the Department. The court nevertheless found a violation of due process because sending notice to the last known address conflicted with the statute, prevented effective notice, and deprived the licensee of the right to a hearing. Dolson, 138 Wash.2d at 777-80, 982 P.2d 100. "Due process requires the opportunity to be heard.... Where due process is not satisfied prior to a license revocation, the underlying revocation or suspension is void." Dolson, 138 Wash.2d at 782-83, 982 P.2d 100 (citations omitted, emphasis in original.)
¶ 24 The implied consent statute anticipates a hearing that occurs pre-revocation, not post-revocation. "Any decision by the department suspending or revoking a person's driving privilege shall be stayed and shall not take effect while a formal hearing is pending . . .". RCW 46.20.329. The Department's failure to offer Devine a hearing until after the revocation of his license conflicted with the statute. And, like the error in Dolson, it limited the opportunity to be heard that is provided by the statute.
¶ 25 Minor procedural errors do not necessarily rise to the level of due process violations. State v. Storhoff, 133 Wash.2d 523, 946 P.2d 783 (1997). In Storhoff, a case involving habitual traffic offenders, notices sent by the Department of Licensing incorrectly *243 stated that the petitioners had 10 days to appeal their revocations, rather than the 15 days allowed by law. This error was held not to be a violation of due process because the petitioners were unable to show prejudice. They had not even received the Department's notices because of their own failure to update their addresses of record, thus it was their own omissionsnot the incorrect statement in the noticethat precluded them from requesting a hearing within the statutorily mandated time. "Storhoff stands for the proposition that a revocation is invalid only if DOL's notice of revocation is faulty and this error prevents a licensee from requesting a hearing." Dolson, 138 Wash.2d at 780, 982 P.2d 100. But when the Department's defect in following the statute "is such that it deprives a licensee of the right to be heard, the error abrogates the licensee's right to due process." Dolson, 138 Wash.2d at 783, 982 P.2d 100.
¶ 26 Unlike in Storhoff, the Department's error here was not minor or nonprejudicial. The Department, in violation of the statute, counted the 30-day deadline for requesting a hearing from the date of arrest, rather than the date Devine received notice of his right to a hearing. This error deprived Devine from obtaining a hearing before his license was revoked, and therefore it comes within the class of errors that violate due process. Under Storhoff and Dolson, the revocation was void.
¶ 27 The Department urges us to follow a Wisconsin case, State v. Carlson, 250 Wis.2d 562, 641 N.W.2d 451 (2001), that has some factual similarity. The driverarrested for driving while under the influencerefused to provide a blood sample for chemical analysis. Under Wisconsin's implied consent law, one consequence of a refusal is a license revocation that begins 30 days after refusal, unless the driver successfully contests it at a hearing. The driver in Carlson timely requested a hearing within 10 days. The trial court, having miscounted the days, initially refused a hearing. By the time the court realized its mistake, the driver's license had been revoked for 19 days. The court found it was a sufficient remedy to allow a hearing at that time. At the hearing, the refusal was found to be improper. Carlson, 641 N.W.2d at 454.
¶ 28 The driver argued on appeal that the revocation prior to a hearing violated his procedural due process rights. He asked for dismissal of the refusal charge or some other sanction. The court conducted a balancing of interests under Mathews v. Eldridge, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), as was done in Love and Montrym.[18] Recognizing that the driver was "briefly erroneously deprived of his driver's license" and could not "be made entirely whole," the court reasoned that the private interest did not outweigh the strong governmental interest in keeping drunk drivers off the road. Carlson, 641 N.W.2d at 459. And the court found the likelihood of an erroneous deprivation was small:
The procedure that requires a defendant to request a hearing within ten days or be revoked is reasonable and we hold that the risk that a court will improperly calculate the ten days and thus deprive a defendant of private interests as a consequence of the procedures used is not significant, even though it happened here.
Carlson, 641 N.W.2d at 459. The court affirmed the order below, holding that "in this particular situation, the error was technical and nonprejudicial." Carlson, 641 N.W.2d at 460-61.
¶ 29 We reject the invitation to follow Carlson. The court there emphasized that the 19-day period of revocation was a "significantly brief" period of time. Carlson, 641 N.W.2d at 454. The court limited its holding to the particular situation. And most important, the Department has not explained how Carlson fits in to the analysis used in Storhoff and Dolson, under which the revocation of Devine's license was void. If the revocation order that went into effect on November 3, 2002 was void, there was no order or *244 proceeding against which the Department's offer of an automatic stay and a belated hearing could operate. The "process" offered by the Department was not authorized by the statute, and cannot be viewed as an adequate remedy "at law."
¶ 30 We conclude the court abused its discretion in failing to grant the writ. Because the Department committed prejudicial legal error in denying Devine's timely request for a hearing and he had no adequate remedy at law, Devine was entitled to dismissal of the revocation proceeding.

CHALLENGE TO WAC 308-103-040
¶ 31 Devine's petition also asked the court to invalidate WAC 308-103-040(1)(a) on the ground that it conflicted with RCW 46.20.308(8).
¶ 32 The Department contends that the proper way for Devine to challenge the rule was to bring an action under the Administrative Procedure Act, RCW 35.05.570. However, all courts have inherent power to review agency action to ensure that it is not arbitrary and capricious, or contrary to law. State v. MacKenzie, 114 Wash.App. 687, 695-96, 60 P.3d 607 (2002). Devine's petition for a writ was an appropriate vehicle in which to raise the issue of the conflict between the regulation and the statute, given evidence in the record that Departmental representatives were relying on the regulation as a basis to deny his request for a hearing.
¶ 33 An agency may not promulgate a rule that amends or changes a legislative enactment. Edelman v. State ex rel. Public Disclosure Com'n, 152 Wash.2d 584, 591, 99 P.3d 386 (2004). Courts interpret regulations under the rules of statutory construction. Mader v. Health Care Authority, 149 Wash.2d 458, 472, 70 P.3d 931 (2003). If a regulation is unambiguous, the court will not look beyond the plain meaning of the words of the regulation. Mader, 149 Wash.2d at 473, 70 P.3d 931.
¶ 34 The Department argues (as it did below) that former WAC 308-103-040(1)(a) can be read consistently with the statute because it is "customarily the case" that an officer serves the driver with the hearing request form on the day of arrest.[19] But the statute unambiguously allows a driver to submit a request for a hearing 30 days after receiving noticenot 30 days from the date of arrest, as stated by the regulation. The fact that the Department's practice is usually consistent with the statute does not eliminate the conflict. The regulation impermissibly modified the notice requirement of the statute. In Devine's case, the statutory deadline for making his request was October 7, 2002. Under the regulation, it was October 3, 2002.
¶ 35 A rule that conflicts with a statute is beyond an agency's authority. Invalidation of the rule is the proper remedy. H & H Partnership v. Dep't of Ecology, 115 Wash.App. 164, 170, 62 P.3d 510 (2003). The trial court erred by failing to grant Devine's request for invalidation of the regulation to the extent that it modified the timeline for notice found in the statute.

ATTORNEY FEES
¶ 36 Devine contends that his successful challenge to agency action entitles him to attorney fees under the Equal Access to Justice Act, RCW 4.84.340-.360. This contention has not yet been ruled upon by the trial court. Accordingly, we remand for a hearing and a determination as to whether Devine, now a prevailing party, is entitled to an award of reasonable attorneys' fees under RCW 4.84.350(1).
¶ 37 Reversed and remanded for further proceedings.
WE CONCUR: SCHINDLER and APPELWICK, JJ.
NOTES
[1] Declaration of Craig Nelson, Administrator of the Hearing and Interviews Unit for the Department of Licensing, Clerk's Papers at 100.
[2] Officer Atkinson's Continuation Report (prepared November 18, 2002 at Devine's request), Clerk's Papers at 15.
[3] RCW 46.20.308(7) states: "The department of licensing, upon the receipt of a sworn report or report under a declaration authorized by RCW 9A.72.085 under subsection (6)(e) of this section, shall suspend, revoke, or deny the person's license, permit, or privilege to drive or any nonresident operating privilege, as provided in RCW 46.20.3101, such suspension, revocation, or denial to be effective beginning sixty days from the date of arrest or from the date notice has been given in the event notice is given by the department following a blood test, or when sustained at a hearing pursuant to subsection (8) of this section, whichever occurs first."
[4] RCW 46.20.308(8) states in part: "A person receiving notification under subsection (6)(b) of this section may, within thirty days after the notice has been given, request in writing a formal hearing before the department. The person shall pay a fee of one hundred dollars as part of the request. If the request is mailed, it must be postmarked within thirty days after receipt of the notification. Upon timely receipt of such a request for a formal hearing, including receipt of the required one hundred dollar fee, the department shall afford the person an opportunity for a hearing."
[5] Clerk's Papers at 26.
[6] Clerk's Papers at 53 (emphasis added). The order of revocation, dated September 9, 2002, directed Devine to stop driving on November 3, 2002, which was 60 days after his arrest date.
[7] Clerk's Papers at 28.
[8] Clerk's Papers at 13, 124-126. Mr. Nelson of the Department does not recollect these conversations. He declared that the Department's records do not contain any written correspondence about the matter and that he "would not have denied" Mr. Devine's hearing request if he had known that an incomplete printout of the breath test result meant that Mr. Devine did not receive the hearing request information on the day of his arrest. Clerk's Papers at 102.
[9] Clerk's Papers at 7.
[10] Clerk's Papers at 1-10.
[11] Clerk's Papers at 82.
[12] Clerk's Papers at 83.
[13] Exhibit 3.
[14] WAC 308-103-040(1)(a) now states:

"(1) The petitioner must file his or her formal request for hearing:
"(a) Within thirty days of the date notice is given under RCW 46.20.308(6) if the petitioner submitted to a breath test."
[15] Clerk's Papers at 21.
[16] Clerk's Papers at 145.
[17] We note, however, that we would be reluctant to interpret the statute in such a manner as to suggest that the Department is only directed rather than required to hold a hearing within 60 days. Giving the Department discretion to postpone the hearing date in circumstances not identified in the statute would not only mean rewriting the statute, but also it would undermine the statutory intent that the administrative license suspension hearing be adjudicated in "in a short span of time." State v. Vasquez, 148 Wash.2d 303, 316, 59 P.3d 648 (2002). The hearing needs to occur quickly because between the arrest and the hearing, the allegedly drunk driver is permitted to keep driving with a temporary license. RCW 46.20.308(6)(8).
[18] The factors outlined in Mathews v. Eldridge are: (1) the private interest that will be affected by the official action; (2) the risk of erroneous deprivation through the procedures used and the probable value of additional or substitute procedural safeguards; (3) the Government's interest, including the fiscal and administrative burdens. Mathews v. Eldridge, 424 U.S. 319, 335, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976).
[19] Respondent's Brief at 13 n. 6; see Clerk's Papers at 48.